BRYANT, Judge.
Where the Town of Carthage acted within its statutory authority to impose water and sewer impact fees on new developments, we affirm the trial court's grant of summary judgment in favor of the Town of Carthage. As plaintiffs' challenge to the imposition of water and sewer impact fees was unsuccessful, we overrule plaintiffs' request for an award of attorneys' fees and costs.
On 28 October 2013, plaintiffs Quality Built Homes, Inc., and Stafford Land Co., Inc., filed a complaint against defendant Town of Carthage in Moore County Superior Court. In their complaint, plaintiffs asserted that they brought the action under the North Carolina Uniform Declaratory Judgment Act, N.C. Gen.Stat. § 1-253 et seq.,"to determine whether Carthage has authority to enact and enforce portions of its ordinance regulating the collection of impact fees": specifically, water and sewer impact fees. Plaintiffs alleged that the impact fees for water and sewer service "range from $1,000.00 for each water connection and $1,000.00 for each sewer connection where the meter size is ¾ inches to $30,000.00 for water and $30,000.00 for sewer where the meter size is 6 inches. Said impact fees are in addition to the regular water and sewer tap fees." The impact fees are "due upon final plat approval from new subdivisions and upon application for building permits, whichever occurs first." Plaintiffs asserted that defendant was not specifically authorized by law to charge and collect impact fees for water and sewer. Plaintiffs asserted that defendant has illegally collected water and sewer impact fees from each of them in excess of $10,000.00. Plaintiffs sought a declaratory judgment that defendant's water and sewer impact fees are unlawful, a return of all water and sewer impact fees paid to defendant plus 6% interest per annum, and recovery of attorneys' fees.
Defendant answered plaintiffs' complaint and raised defenses, including that plaintiffs' claims were barred by the statute of limitations and that defendant's water and sewer impact fees were authorized by North Carolina's Public Enterprise Statute codified at section 160A-311 et seq.
On 23 June 2014, plaintiffs amended their complaint to add additional claims for relief, alleging equal protection and due process violations under the North Carolina State Constitution. Plaintiffs also alleged improper collection of, or attempt to collect, impact fees in violation of N.C. Gen.Stat. § 160A-314 (Authority to fix and enforce rates) and certain Carthage Town ordinances. Plaintiffs alleged that defendant was using the impact fees assessed upon the development of new subdivisions to offset the expense of maintaining its entire water system, including problems associated with its drinking water, while all other similarly situated new homes were not subject to the ordinance imposing impact fees. Defendant responded to plaintiffs' amended complaint by asserting that "[p]laintiffs' claims are barred by the doctrine of waiver or estoppel through acceptance of benefits."
Plaintiffs and defendant filed cross motions for summary judgment.
The matter was heard in Moore County Superior Court before the Honorable James W. Webb, Judge presiding, on 21 July 2014. Judge Webb found no genuine issue of material fact and concluded that defendant was entitled to judgment as a matter of law. Plaintiffs' motion for summary judgment was denied, and plaintiffs' complaint was dismissed with prejudice. Plaintiffs appeal.
On appeal, plaintiffs raise the following arguments: (I) defendant acted ultra vires in collecting water and sewer impact fees; (II) plaintiffs' claims for the refund of impact fees are subject to the ten-year statute of limitations; (III) plaintiffs' claims are not barred by the doctrine of estoppel by acceptance of benefits; and (IV) plaintiffs are entitled to an award of attorneys' fees and costs.
Standard of review
Summary judgment "sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen.Stat. § 1A-1, Rule 56(c) (2013). "On appeal, this Court reviews an order granting summary judgment de novo." Manecke v. Kurtz,222 N.C.App. 472, 475, 731 S.E.2d 217, 220 (2012) (citation omitted).
I
Plaintiffs first argue that defendant has acted ultra vires in collecting its water and sewer impact fees, and that plaintiffs are entitled to a refund of all impact fee payments. More specifically, plaintiffs contend that defendant's water and sewer impact fee ordinances are ultra vires because (A) N.C. Gen.Stat. § 160A-314 does not authorize defendant to collect a water and sewer impact fee for a service to be furnishedand (B) the ordinances provide that the fees shall be used for the expansion of the water and sewer systems, but defendant has used the fees for the maintenance of its systems, instead. We disagree.
A.
Plaintiffs contend that defendant's water and sewer impact fee ordinances are ultra vires and void on their face because N.C. Gen.Stat. § 160A-314 does not authorize defendant to collect a water and sewer impact fee for a service to be furnished.If section 160A-314 was the only statute applicable to defendant's water and sewer impact fee ordinances, we might agree with plaintiffs' ultra vires argument. However, as that is not the case and other statutes are applicable, we disagree with plaintiffs' assertion.
"[T]he term 'public enterprise' [as referred to within Article 16 of Chapter 160A of our General Statutes] includes: ... (2)[w]ater supply and distribution systems[;] (3)[w]astewater collection, treatment, and disposal systems of all types, including septic tank systems or other on-site collection or disposal facilities or systems." N.C. Gen.Stat. § 160A-311(2), (3) (2013). "A city shall have authority to acquire, construct, establish, enlarge, improve, maintain, own, operate, and contract for the operation of any or all of the public enterprises as defined in this Article to furnish services to the city and its citizens." Id.§ 160A-312(a). "A city may establish and revise from time to time schedules of rents, rates, fees, charges, and penalties for the use of or the services furnished by any public enterprise." Id.§ 160A-314(a).
Plaintiffs cite Town of Spring Hope v. Bissette,305 N.C. 248, 287 S.E.2d 851 (1982), for the proposition that N.C.G.S. § 160A-314does notprovide a municipality with authority to charge for services "to befurnished" as opposed to services currently furnished. Id.at 251, 287 S.E.2d at 853.
In Town of Spring Hope,our Supreme Court considered whether N.C.G.S. § 160A-314 "authorized [the Town of Spring Hope] to charge an increased sewer rate based upon the expense of replacing an outmoded component of that system prior to the time the new component began operation." Id.at 251, 287 S.E.2d at 853. Spring Hope had maintained a water and sewer system for its residents for many years. In 1971, the Town was informed by the State Department of Water and Air Resources (the predecessor to the Department of Environment and Natural Resources) that its waste water treatment facility was inadequate and that the Town must take remedial action. The Town needed to construct a new waste water treatment facility in order to meet the new requirement. In June 1979, the Town increased its water and sewer rates "to finance the new water treatment plant, ... its construction, operation and maintenance." Id.at 249, 287 S.E.2d at 852. The defendant operated a launderette in the Town during the first month the new rates took effect, but although the new waste water treatment facility was substantially completed, it had not yet begun operation. The defendant's launderette went out of business before the facility began operation, and the defendant argued that only the users of the new facility should be required to pay. Id.at 249-50, 287 S.E.2d at 852. Citing N.C.G.S. § 160A-314(a), and for comparison § 162A-9,[1] the Court reasoned as follows:
While we agree that under this statute a municipality may not charge for services "to be furnished," we fail to see how that proposition governs this case.... When the new plant went into operation, the customers received nothing they had not theretofore received; thus, the increase in the rate did not reflect any services yet to be furnished, but merely the same service which had previously been furnished, i.e.,the efficient removal of waste water. The increase in the rate, far from being a charge for a new service not yet provided by the Town, represented the cost of a necessary improvement to the already existing sewer system without which the Town could not continue to provide sewer service.
Id.at 251-52, 287 S.E.2d at 853 (emphasis added).
Here, plaintiffs contend that the critical distinction between Town of Spring Hopeand the case at bar is that in Town of Spring Hope,the launderette owner was already receiving water and sewer services from the town, whereas here, plaintiffs have yet to access defendant's water and sewer services when they pay the impact fees. Plaintiffs argue that defendant's water and sewer impact fees assess a fee for services to be furnished,a fee not authorized by N.C.G.S. § 160A-314. Moreover, plaintiffs point out that because the fees are due at the time of plat approval, it is not certain that a home will ever be built on any of the lots and, thus, not certain that water and sewer services on that lot will ever be connected. Plaintiffs contend they are paying for a service to be furnished that is not certain to be utilized.
We note that codified within Chapter 160A, Article 1 ("Definitions and statutory construction), section 160A-4 ("Broad construction") states,
[i]t is the policy of the General Assembly that the cities of this State should have adequate authority to execute the powers, duties, privileges, and immunities conferred upon them by law. To this end, the provisions of this Chapter and of city charters shall be broadly construedand grants of power shall be construed to include any additional and supplementary powers that are reasonably necessary or expedient to carry them into execution and effect: Provided, that the exercise of such additional or supplementary powers shall not be contrary to State or federal law or to the public policy of this State.
N.C. Gen.Stat. § 160A-4 (2013) (emphasis added). Our Supreme Court has held
[t]his statute makes it clear that the provisions of chapter 160A and of city charters shallbe broadly construed and that grants of power shallbe construed to include any additional and supplementary powers that are reasonably necessary or expedient to carry them into execution and effect. We treat this language as a legislative mandatethat we are to construe in a broad fashion the provisions and grants of power contained in Chapter 160A.
Homebuilders Ass'n of Charlotte v. City of Charlotte,336 N.C. 37, 43-44, 442 S.E.2d 45, 50 (1994) (emphasis added) (citations and quotations omitted); see also Lanvale Props., LLC v. Cnty. of Cabarrus,366 N.C. 142, 154, 731 S.E.2d 800, 809 (2012) ("[Our Supreme Court] stated that section 160A-4 established a 'legislative mandate that we are to construe in a broad fashion the provisions and grants of power' conferred upon municipalities. River Birch Assocs. v. City of Raleigh,326 N.C. 100, 109, 388 S.E.2d 538, 543 (1990). Thereafter, in Homebuilders Ass 'n of Charlotte v. City of Charlotte,we applied section 160A-4 to uphold the city's imposition of user fees in conjunction with the provision of regulatory services and the use of public facilities because the user fees were 'reasonably necessary or expedient to the execution of the City's power to regulate the activities for which the services are provided.' 336 N.C. 37, 45, 442 S.E.2d 45, 50 (1994).").
Defendant argues that N.C. Gen.Stat. §§ 160A-312, -313, and -314 codified within Article 16 ("Public Enterprise") of Chapter 160A allow towns to charge impact fees that are necessary to ensure the continued quality of water and sewer services in the face of development. We find this reasoning persuasive and legally sound.
Pursuant to N.C. Gen.Stat. § 160A-312, "[a] city shall have authority to acquire, construct, establish, enlarge, improve, maintain, own, operate, and contract for the operation of any or all of the public enterprises as defined in this Article to furnish services to the city and its citizens." N.C.G.S. § 160A-312(a). "Subject to the restrictions, limitations, procedures, and regulations otherwise provided by law, a city shall have full authority to finance the cost of any public enterprise by levying taxes, borrowing money, and appropriating any other revenues therefor...." Id.§ 160A-313. And, "[a] city may establish and revise from time to time schedules of rents, rates, fees, charges, and penalties for the use of or the services furnished by any public enterprise." Id.§ 160A-314(a).
We note that in Town of Spring Hope,our Supreme Court reasoned that in increasing the rates for utilizing the sewer system, "[t]he Town of Spring Hope acted well within its statutory authority when it increased water and sewer charges to pay for the new waste treatment facility. The Town was not required by the language of G.S. 160A-314(a) to wait until the plant began operations to institute such increases." Town of Spring Hope,305 N.C. at 252, 287 S.E.2d at 854.
Guided by the reasoning of Town of Spring Hope,we hold that defendant acted within the authority conferred by North Carolina General Statutes, sections 160A312, -313, and -314 to collect a water and sewer impact fee. Therefore, as to this contention, plaintiffs are overruled.
B.
Plaintiffs next contend that defendant's actions in collecting impact fees were ultra vires because although the ordinances provide that the fees shall be used for the expansionof water and sewer systems, defendant has maintained its existing systems with the use of impact fees. We are not persuaded.
Plaintiffs direct our attention to deposition testimony of Thomas B. Robinson, a representative of defendant. During his deposition, Robinson was presented with a provision of defendant's ordinance which states "The sewer impact fee shall be used to cover the cost of expanding the sewer system."
Q. Well, do you mix the sewer fees together with the water fees?
A. It's in the same budget, yes.
...
Q. And do you use it for maintenance of your utilities, water and sewer?
A. To maintain the system, yes.
Q. So if part of the older part of the system in the city needs to be replaced or just repaired, can you use that money for that?
A. Well, it's been primarily for the pumps and for the water plant, so that would be something that would be applicable to everything.
Q. So when you use these water and sewer impact fees, it could be used anywhere in the city?
A. Yes.
Q. And it could be used for expansion or maintenance anywhere in the city?
A. Yes.
Despite plaintiffs' contention, plaintiffs have failed to direct this Court's attention to any authority prohibiting the use of revenue generated from defendant's impact fees, as imposed by ordinance, in part for the maintenance of defendant's existing water and sewer systems, to which plaintiffs' developments will ultimately connect.
For the aforesaid reasons, we overrule plaintiffs' argument that defendant has acted ultra vires in collecting its water and sewer impact fees.
II & III
Next, plaintiffs argue that their claim for refund of the impact fees is subject to the ten-year statute of limitations set forth in North Carolina General Statutes, section 1-56, and thus, plaintiffs' claims are timely. Plaintiffs further argue that their claims are not barred by the doctrine of estoppel by acceptance of benefits.
However, as we have overruled plaintiffs' argument that defendant acted ultra vires in collecting its water and sewer impact fees, we need not consider whether plaintiffs' claim for a refund was subject to a ten-year statute of limitations or whether plaintiffs are estopped from challenging defendant's collection of impact fees based on an acceptance of benefits.
IV
Lastly, plaintiffs argue they are entitled to an award of attorneys' fees and costs under North Carolina General Statutes, section 6-21.7. We disagree.
Pursuant to General Statutes, section 6-21.7,
[i]n any action in which a city or county is a party, upon a finding by the court that the city or county acted outside the scope of its legal authority, the court may award reasonable attorneys' fees and costs to the party who successfully challenged the city's or county's action, provided that if the court also finds that the city's or county's action was an abuse of its discretion, the court shall award attorneys' fees and costs.
N.C. Gen.Stat. § 6-21.7 (2013).
We have not found that defendant acted outside the scope of its legal authority. Therefore, section 6-21.7 does not provide authority for an award of attorneys' fees and costs in favor of plaintiffs. Accordingly, we overrule this argument.
AFFIRMED.
Judges STEPHENS and DIETZ concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiffs from order entered 17 October 2014 by Judge James W. Webb in Moore County Superior Court. Heard in the Court of Appeals 2 June 2015.

Pursuant to General Statutes, section 162A-9(a) "[a]n authority may establish and revise a schedule of rates, fees, and other charges for the use of and for the services furnished or to be furnished by any water system or sewer system or parts thereof owned or operated by the authority." N.C.G.S. § 162A-9(a) (2013).