**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1778**
_____

TOMMY DAVIS CONSTRUCTION, INC.,

            Plaintiff - Appellee,

    v.

CAPE FEAR PUBLIC UTILITY AUTHORITY; NEW HANOVER COUNTY,

            Defendants - Appellants.

_____

**No. 14-2132**
_____

TOMMY DAVIS CONSTRUCTION, INC.,

            Plaintiff - Appellee,

    v.

CAPE FEAR PUBLIC UTILITY AUTHORITY; NEW HANOVER COUNTY,

            Defendants - Appellants.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:13-cv-00002-H)

_____

Argued:  September 15, 2015          Decided:  December 1, 2015

_____

Before NIEMEYER, GREGORY, and THACKER, Circuit Judges.

Affirmed by published opinion. Judge Niemeyer wrote the opinion, in which Judge Gregory and Judge Thacker joined.

———————————

**ARGUED**: Jeremy M. Wilson, WARD AND SMITH, P.A., Wilmington, North Carolina, for Appellants. Bradley Andrew Coxe, HODGES & COXE, P.C., Wilmington, North Carolina, for Appellee. **ON BRIEF:** Ryal W. Tayloe, WARD AND SMITH, P.A., Wilmington, North Carolina, for Appellants.

———————————

NIEMEYER, Circuit Judge:

The main question presented in these appeals is whether New Hanover County, North Carolina, acted ultra vires in collecting fees on behalf of the New Hanover County Water and Sewer District from a subdivision developer, Tommy Davis Construction, Inc., for water and sewer services that the Water and Sewer District did not provide and had no concrete plans or immediate ability to provide. Davis Construction had arranged to have a privately owned utility, Aqua North Carolina, Inc., provide water and sewer services to the subdivision.

The district court ruled that the County acted ultra vires in collecting the fees on behalf of the Water and Sewer District and ordered both the County and the successor to the Water and Sewer District, the Cape Fear Public Utility Authority, to refund the fees in the amount of $34,268.96, together with prejudgment interest. The court also awarded Davis Construction attorneys fees and costs. For the reasons that follow, we affirm.

I

In the course of developing Becker Woods, a residential subdivision with 29 lots, located on Cape Fear in the southern part of New Hanover County, Davis Construction arranged to have Aqua NC provide water and sewer services to each lot in the

subdivision. Aqua NC was and remains the only utility offering those services in that part of the County, and it therefore provided water and sewer services to the existing subdivisions surrounding Becker Woods.

In February 2005, Davis Construction applied for building permits from the County for a few of the lots in the subdivision. A County employee advised Davis Construction that it was required to pay "impact fees" to the Water and Sewer District before the County would issue the building permits. The County Board of Commissioners had created the Water and Sewer District as a public utility in 1983 to provide water and sewer services to the unincorporated areas of the County. The Water and Sewer District, however, did not offer service throughout its entire jurisdiction. Portions of the County, including the area where Becker Woods was located, were instead served by private water and sewer utilities, such as Aqua NC. Even though the Water and Sewer District did not offer service to every area within its jurisdiction, it nonetheless assessed, and the County collected, impact fees for all new development in every area, including the Becker Woods subdivision, relying on an ordinance that required "[a]ll new development . . . obtaining a certificate of occupancy" to pay a "facility fee . . . based on average daily flow" as a "[o]ne-time sewer charge[]." New Hanover County, N.C., Code § 56-312(b) (2005). According to

4

the County, the impact fees were used "to develop [the County's] wastewater infrastructure with the goal of providing expanded service coverage in the unincorporated areas of New Hanover County."

Davis Construction objected to the fees because the Water and Sewer District was not going to be providing water and sewer services to its subdivision and it had already paid impact fees to Aqua NC. After objecting repeatedly, Davis Construction paid the fees under protest so that it could proceed with the subdivision's development. Between March 2005 and July 2006, it paid $34,268.96 in impact fees to build houses on 23 lots.

In 2007, the County and the City of Wilmington began the process of consolidating their separate water and sewer systems with the creation of the Cape Fear Public Utility Authority. The Authority was incorporated in 2007, and on July 1, 2008, it assumed all the rights and liabilities of the Water and Sewer District and began operating the region's public water and sewer infrastructure. During this same period, the Authority and the County also changed the prior impact-fee policy and began assessing and collecting impact fees only when a customer applied to the Authority for service. Accordingly, when Davis Construction thereafter applied for a building permit for another lot in Becker Woods, the County did not collect an impact fee because Aqua NC, not the Authority, was going to

5

provide the water and sewer services. Davis Construction subsequently requested that the Authority refund the impact fees that it had previously paid, but, on June 9, 2010, the Authority denied that request.

Davis Construction commenced this action against the Authority in the Superior Court of New Hanover County on December 2, 2011, seeking a refund of the impact fees it had paid to the Water and Sewer District in 2005 and 2006, along with interest and attorneys fees. By an amended complaint, it added the County as a defendant, and the County removed the action to federal court. The amended complaint alleged that the defendants' actions in collecting impact fees were ultra vires and violated Davis Construction's right to due process under the U.S. and North Carolina Constitutions.[*]

On the parties' cross-motions for summary judgment, the district court ruled in favor of Davis Construction on July 7, 2014, concluding that the defendants' collection of impact fees from Davis Construction for the Becker Woods development was "an ultra vires act beyond their statutory authority." The court also rejected the defendants' defenses that Davis Construction's claims were barred by the statute of limitations and the

---

[*] Davis Construction also alleged that the defendants had violated its rights to equal protection under the U.S. and North Carolina Constitutions, but it has since abandoned those claims.

6

doctrine of laches. The court ordered the defendants to refund to Davis Construction $34,268.96, together with prejudgment interest of 6% from July 13, 2006, the date of Davis Construction's last impact fee payment. The court entered judgment on July 8, 2014, and subsequently awarded Davis Construction attorneys fees of $20,000 and non-taxable costs of $270.

These appeals from the judgment and from the award of attorneys fees followed.

## II

As an initial matter, we address the defendants' contention that the district court erred in refusing to dismiss Davis Construction's claims as untimely. They contend that the district court incorrectly concluded that the catchall 10-year statute of limitations provided by N.C. Gen. Stat. § 1-56 applies to Davis Construction's ultra vires claim. They argue that the claim is instead barred by the three-year statute of limitations set out in N.C. Gen. Stat. § 1-52(2) for claims based upon a "liability created by statute." Alternatively, they argue that the ultra vires claim is barred by either the two-year limitations period that applies to an "action against a local unit of government upon a contract, obligation or liability arising out of a contract, express or implied," N.C.

7

Gen. Stat. § 1-53(1), or the three-year limitations period for "an action . . . for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated," id. § 1-52(5). As to Davis Construction's federal and state due process claims, they contend that those claims are barred by the three-year statute of limitations provided by N.C. Gen. Stat. § 1-52(5). And finally, they contend that, even if Davis Construction's claims are found to have been filed within the applicable limitations period, the claims are nonetheless barred by the equitable doctrine of laches.

To begin, we agree that Davis Construction's federal due process claim is barred by the three-year statute of limitations provided by N.C. Gen. Stat. § 1-52(5). Although Davis Construction's complaint does not expressly invoke 42 U.S.C. § 1983 in alleging the federal due process claim, that statute provides the basis for the cause of action when a plaintiff sues a state actor for the deprivation of rights secured by the U.S. Constitution, and "municipalities and other local government entities [are] included among those persons to whom § 1983 applies." Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690 (1978)); see also Hughes v. Bedsole, 48 F.3d 1376, 1383 n.6 (4th Cir. 1995) (noting that, because the Fourteenth Amendment "does not create a cause of action," a

8

plaintiff's "claim under the Fourteenth Amendment merges into her § 1983 claim because § 1983 merely creates a statutory basis to receive a remedy for the deprivation of a constitutional right"). The statute of limitations for all § 1983 claims is borrowed from the applicable state's statute of limitations for personal-injury actions, even when a plaintiff's particular § 1983 claim does not involve personal injury. Wilson v. Garcia, 471 U.S. 261, 275-80 (1985); see also Wallace v. Kato, 549 U.S. 384, 387 (2007). And we have applied Wilson to conclude that § 1983 claims arising in North Carolina are limited by "the three-year period for personal injury actions set forth in § 1-52(5)." Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 n.2 (4th Cir. 1991).

The limitations period for a § 1983 claim begins to run when the plaintiff has "a complete and present cause of action" -- in other words, when it could have "file[d] suit and obtain[ed] relief." Wallace, 549 U.S. at 388 (quoting Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)). In this case, the period began when Davis Construction paid the impact fees under protest. Because it filed this action on December 2, 2011 -- some five and one-half years after it paid the last impact fee at issue in 2006 -- the federal claim was time-barred.

9

We conclude, however, that Davis Construction's state law claims were timely filed. The North Carolina Court of Appeals recently addressed the question of which statute of limitations applies to claims like those brought by Davis Construction, and its holding guides our disposition of this issue. See Point South Props., LLC v. Cape Fear Pub. Util. Auth., Nos. COA15-371, COA15-374, 2015 WL 6142998, at *4-5 (N.C. Ct. App. Oct. 20, 2015). Like in the present case, the plaintiffs in Point South Properties were developers that sued New Hanover County and the Cape Fear Public Utility Authority to recover impact fees paid to the Water and Sewer District, alleging that the defendants lacked authority to impose such fees. As here, sewer and water services were being provided to the developers' property by Aqua NC. Id. at *2. The defendants in Point South Properties maintained that the plaintiffs' claims were based on N.C. Gen. Stat. § 162A-88, the statute that grants a water and sewer district the authority to levy fees for "services furnished or to be furnished," and therefore that their claims were subject to the three-year statute of limitations provided by N.C. Gen. Stat. § 1-52(2) for "an action . . . [u]pon a liability created by statute." The North Carolina Court of Appeals rejected that argument, however, concluding "that plaintiffs' claims [were] not based upon defendants' alleged breach of a duty or liability established by N.C. Gen. Stat. § 162A-88." Point South Props.,

10

2015 WL 6142998, at *5. Rather, the court noted, it was the "defendants who [had] raise[d] the statute as a defense to plaintiffs' claims." Id. at *4. The court also rejected the defendants' alternative argument that the plaintiffs' claims were barred by the two-year statute of limitations that applies to an "action against a local unit of government upon a contract, obligation or liability arising out of a contract, express or implied." Id. at *5 (quoting N.C. Gen. Stat. § 1-53(1)). Instead, the court ruled that "because no other statute establishes the statute of limitations for their claim, the residual or 'catch all' period of 10 years set out in N.C. Gen Stat. § 1-56 applies." Id.

Following Point South Properties, we likewise conclude that the 10-year statute of limitations provided by N.C. Gen. Stat. § 1-56 applies to Davis Construction's state-law claims and therefore affirm the district court's ruling that those claims were filed well within the limitations period.

The decision in Point South Properties similarly persuades us to reject the defendants' argument that, even if not barred by the applicable statute of limitations, Davis Construction's claims are nonetheless untimely under the doctrine of laches. Considering this same argument, the court concluded that "the doctrine of laches is not applicable to this case" because "plaintiffs' claims are legal," while "laches is an equitable

11

defense [that] is not available in an action at law." Point South Props., 2015 WL 6142998, at \*6 (quoting Cater v. Barker, 617 S.E.2d 113, 118 (N.C. Ct. App. 2005)). It concluded that the doctrine of laches was also inapplicable because "defendants have failed to produce evidence that they were prejudiced by plaintiffs' delay in bringing suit," emphasizing that "[d]efendants do not contend that they undertook any expenditures that would not have been otherwise necessary, or that their legal position has been negatively impacted by the passage of time." Id. Here, too, the defendants have not established the kind of prejudice necessary to bar Davis Construction's suit under the doctrine of laches.

In sum, we conclude that Davis Construction's state-law claims are not time-barred.

### III

On the merits, the defendants contend that the district court erred in concluding that their collection of impact fees from Davis Construction was ultra vires. While the district court allowed that the defendants could collect impact fees for water and sewer "services . . . to be furnished," N.C. Gen. Stat. § 162A-88 (emphasis added), it concluded that the defendants failed to demonstrate that they would be able to furnish such services to Becker Woods within any meaningful time

12

in the future or that they even intended to do so, particularly in view of the fact that such services were already being provided by Aqua NC. The defendants argue, however, that the evidence shows that they would furnish those services because they had longstanding plans to provide such services to the area in which Becker Woods was being developed. They note:

> As far back as 1976, the Greater Wilmington Area 201 Facilities Plan included the southern unincorporated areas in its Regional Wastewater Treatment Plan and called for expansion of the Southside Wastewater Treatment Plant. Defendants have used such funds to prepare for service expansion, including spending approximately $8 million on the design of a wastewater treatment plant in the southern part of the County. Additional planning documents confirm that [the Water and Sewer District] and [the Authority] have planned to expand service to areas including Becker Woods.

They argue that, in light of those plans, § 162A-88 authorized them to collect impact fees to fund them.

The district court recognized that for almost 40 years the County has, indeed, had plans to expand its water and sewer services to the southern portion of the County. But it also noted that those "plans [were] at best vague, and some plans even indicate[d] that water and sewer services [would] not need to be provided by the government because service [was] already available through Aqua NC." It concluded that the record showed that the "[d]efendants have not taken concrete steps to actually provide water and sewer services to Becker Woods."

13

We find the district court's observations to be apt. Surely, the authority conferred by § 162A-88 to collect a fee for water and sewer services to be furnished to a development must be construed as the power to collect a user fee from those who are going to use the system's services. See McNeill v. Harnett Cnty., 398 S.E.2d 475, 485 (N.C. 1990) (characterizing § 162A-88 as "authorizing user fees for services 'to be furnished'" (emphasis added)). As such, "to be furnished" can be construed meaningfully only in the context of the developer's needs, such that the developer can expect that it will have water and sewer services within a reasonable time after it completes the construction of the houses. But, as the district court noted, even 10 years after Davis Construction first sought its permits, neither the Water and Sewer District nor the Authority had taken any steps to provide service. And Aqua NC stated that it was unaware of any plan of the Water and Sewer District or the Authority "to ever provide water and sewer services to Becker Woods." In these circumstances, we cannot conclude that the impact fees that the County and the Water and Sewer District assessed and collected were for services "to be furnished" to Becker Woods.

The North Carolina Court of Appeals in Point South Properties addressed this precise factual scenario and similarly concluded that the impact fees collected in that case were ultra

14

<u>vires</u>.  The court explained that the defendants' "generalized goal of extending water and sewer service to unspecified parts of New Hanover County at an unspecified time in the indefinite future" was not "sufficient to authorize imposition of impact fees for services 'to be furnished.'"  <u>Point South Props.</u>, 2015 WL 6142998, at *10.  The court noted that, to survive summary judgment, the defendants had to present "evidence from which it might reasonably be found that defendants have ever evidenced <u>a commitment</u> to extending water and sewer service to the subject properties, regardless of the timeline."  <u>Id.</u> at *7 (emphasis added).  Concluding that there was "no evidence in the record that defendants have ever planned for water and sewer service 'to be furnished' to the subject properties," <u>id.</u> at *10, the court affirmed the trial court's grant of summary judgment to the plaintiffs on their claim that the defendants' imposition of impact fees was <u>ultra vires</u>, <u>id.</u> at *12.

Like in <u>Point South Properties</u>, the defendants in this case have a generalized goal of extending water and sewer services to the entire County, but, as already noted, there is no evidence in the record that they have taken any steps to extend water and sewer services to Becker Woods or that they have even made an official decision to do so.  Accordingly, we conclude that the defendants exceeded their statutory authority by requiring Davis

15

Construction to pay the impact fees and therefore affirm the district court's summary judgment in Davis Construction's favor.

IV

Finally, in their second appeal, the defendants contend that the district court erred in awarding Davis Construction attorneys fees. In doing so, the district court relied on N.C. Gen. Stat. § 6-21.7, which provides:

> In any action in which a city or county is a party, upon a finding by the court that the city or county acted outside the scope of its legal authority, the court may award reasonable attorneys' fees and costs to the party who successfully challenged the city's or county's action, provided that if the court also finds that the city's or county's action was an abuse of its discretion, the court shall award attorneys' fees and costs.

The defendants argue that the Water and Sewer District and its successor, the Authority, are the entities that allegedly acted outside their legal authority and that neither is a "city or county," as required for application of § 6-21.7.

This argument, however, overlooks the fact that the district court found that the County acted outside the scope of its legal authority by requiring Davis Construction to pay the invalid impact fees as a condition of receiving building permits and collecting those fees on behalf of the Water and Sewer District. Accordingly, we conclude that the district court had authority to award attorneys fees.

16

\* \* \*

For the foregoing reasons, we affirm both the district court's July 8, 2014 judgment and its subsequent award of attorneys fees.

<u>AFFIRMED</u>