BRYANT, Judge.
Where the applicable statute of limitations period did not bar plaintiffs' claims and the doctrine of estoppel by acceptance of benefits does not apply, we reverse the trial court's order granting summary judgment in favor of defendant. Further, we remand to the trial court for further findings regarding an award of attorneys' fees.
Plaintiffs Quality Built Homes Incorporated ("plaintiff Quality") and Stafford Land Company, Inc. ("plaintiff Stafford") (collectively "plaintiffs") commenced this action on 28 October 2013 seeking a declaratory judgment as to the validity of the water and sewer impact fee ordinances of defendant Town of Carthage, a refund of all impact fees previously paid to defendant, and an award of attorneys' fees and costs. The parties filed cross-motions for summary judgment.
On 21 July 2014, a hearing on the motions was held in Moore County Superior Court, the Honorable James W. Webb, Judge presiding. An order granting summary judgment in favor of defendant was entered on 17 October 2014, and plaintiffs filed notice of appeal. On appeal, this Court affirmed the order of the trial court granting summary judgment in favor of defendant, concluding that defendant had not acted ultra vires in collecting its water and sewer impact fees and finding that N.C. Gen. Stat. § 6-21.7 does not provide authority for an award of attorneys' fees and costs in favor of plaintiffs. See Quality Built Homes, Inc. v. Town of Carthage , No. No. COA15-115, 2015 WL 4620404, at * 5-6 (N.C. Ct. App. Aug. 4, 2015) (unpublished).
Our N.C. Supreme Court reversed the decision of the Court of Appeals, holding the impact fee ordinances were invalid because "[w]hen [defendant] adopted the ordinances at issue here, it exercised power that it had not been granted." Quality Built Homes Inc. v. Town of Carthage , --- N.C. ----, ----, 789 S.E.2d 454, 455 (2016). In concluding that discretionary review was improvidently allowed as to the remaining issues on appeal, the Supreme Court remanded this case to this Court for consideration of the unresolved issues. Id. at ----, 789 S.E.2d at 459 ; see also id. at ---- n.2, 789 S.E.2d 457 n.2 ("Because of its resolution of the matter, the Court of Appeals did not reach the statute of limitations or estoppel issues." Quality Built Homes , 2015 WL 4620404 at *5."). A full recitation of the facts can be found in the opinions previously filed by this Court, Quality Built Homes , 2015 WL 4620404, at *1-2, and the N.C. Supreme Court, Quality Built Homes , --- N.C. at ----, 789 S.E.2d at 455-56.
_________________________
On remand, we consider plaintiffs' remaining arguments on appeal: (I) whether plaintiffs' claims for refunds of illegal impact fees are subject to the ten-year statute of limitations of N.C. Gen. Stat. § 1-56 ; and (II) whether plaintiffs' claims are barred by the doctrine of estoppel by acceptance of benefits. In light of the Supreme Court's decision finding the ordinances invalid, we also consider (III) whether plaintiffs are entitled to an award of attorneys' fees and costs.
Standard of Review
"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " In re Will of Jones , 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting Forbis v. Neal , 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007) ).
I
Plaintiffs contend that their claims for refunds of the impact fees are subject to the ten-year statute of limitations pursuant to N.C. Gen. Stat. § 1-56, rather than the three-year statute of limitations set forth in N.C. Gen. Stat. § 1-52(2). We agree with plaintiff that the ten-year statute of limitations applies.
Plaintiffs contend that section 1-56 applies, which provides that "[a]n action for relief not otherwise limited by this subchapter may not be commenced more than 10 years after the cause of action has accrued." N.C.G.S. § 1-56 (2015). General Statutes, section 1-52(2), which defendant argues applies, provides that an action must be brought "[w]ithin three years ... [u]pon a liability created by statute, either state or federal, unless some other time is mentioned in the statute creating it." N.C.G.S. § 1-52(2) (2015).
The statute which defendant violated, General Statutes, section 160A-363(e), provides as follows: "If the city is found to have illegally exacted a tax, fee, or monetary contribution for development or a development permit not specifically authorized by law, the city shall return the tax, fee, or monetary contribution plus interest of six (6%) per annum." N.C.G.S. § 160A-363(e). Section 160A-363(e) contains no statute of limitations. See id.
However, "North Carolina courts have held that ultra vires claims for charging fees without statutory authority have a ten-year statute of limitations." Tommy Davis Constr. Inc. v. Cape Fear Public Utility Auth. , No. 7:13-CV-2-H., 2014 WL 3345043, at *3 (E.D.N.C. July 8, 2014) (unpublished) (citing Amward Homes, Inc. v. Town of Cary , 206 N.C. App. 38, 59, 698 S.E.2d 404, 419-20 (2010), aff'd by an equally divided court , 365 N.C. 305, 716 S.E.2d 849 (2011), and Durham Land Owners Ass'n v. Cnty. of Durham , 177 N.C. App. 629, 640-41, 630 S.E.2d 200, 208 (2006) ), aff'd 807 F.3d 62 (4th Cir. 2015). In affirming the federal district court's decision in Tommy Davis Construction , the Fourth Circuit relied on this Court's recent opinion in Point South Point Properties, LLC v. Cape Fear Public Utility Authority , ---N.C. App. ----, 778 S.E.2d 284 (2015), regarding which statute of limitations applies to state law claims like those brought in the instant case:
Like in the present case, the plaintiffs in Point South Properties were developers that sued New Hanover County and the Cape Fear Public Utility Authority to recover impact fees paid to the Water and Sewer District, alleging that the defendants lacked the authority to impose such fees.... The defendants in Point South Properties maintained that the plaintiffs' claims were based on N.C. Gen. Stat. § 162A-88, the statute that grants a water and sewer district the authority to levy fees for "services furnished or to be furnished," and therefore that their claims were subject to the three-year statute of limitations provided by N.C. Gen. Stat. § 1-52(2) for "an action ... [u]pon a liability created by statute." The North Carolina Court of Appeals rejected that argument, however, concluding "that plaintiffs' claims [were] not based upon defendants' alleged breach of a duty or liability established by N.C. Gen. Stat. § 162A-88." Point South Props. , 778 S.E.2d at 288. Rather, the court noted, it was the "defendants who [had] raise[d] the statute as a defense to plaintiffs' claims." Id. at 288.... Instead, the court ruled that "because no other statute establishes the statute of limitations for their claim, the residual or 'catch all' period of 10 years set out in N.C. Gen. Stat. § 1-56 applies." Id.
Tommy Davis Constr. Inc. , 807 F.3d at 67 ; see also Point South Props. , --- N.C. App. at ----, 778 S.E.2d at 288 (noting that "[a]lthough N.C. Gen. Stat. § 162A-88 grant[ed] defendants the authority to levy fees for water and sewer 'services furnished or to be furnished,' the statute does not impose any duty on defendants, or expose them to liability," and holding that "plaintiffs' claims [were] not subject to the three year statute of limitations for a claim based on a liability created by statute").
Because "[i]t [was] undisputed ... that plaintiffs filed suit within ten years of their payment of the challenged impact fees, [this Court] conclude[d] that plaintiffs' claims [were] not barred by the [ten-year] statute of limitations." Point South Props. , --- N.C. App. at ----, 778 S.E.2d at 289. Similarly, here, defendant adopted the water/sewer impact ordinances at issue on 19 May 2003. Plaintiff Quality originally filed an action on 15 August 2013, and then voluntarily dismissed that action and refiled, adding Stafford as a plaintiff on 28 October 2013. Plaintiff Quality last paid defendant water/sewer impact fees on 21 January 2009, apart from $4,000.00 in impact fees placed in escrow pending the outcome of this action for certain lots. Plaintiff Stafford last paid water/sewer impact fees on 30 June 2009. Accordingly, because plaintiffs filed their suit within ten years of their payment of the challenged impact fees, the ten-year statute of limitations does not bar their claims. See id.
II
We next consider plaintiffs' argument that the trial court erred in entering summary judgment in favor of defendant because plaintiffs' claims are barred by the doctrine of acceptance of benefits. Plaintiffs contend they cannot be estopped from recovering the refunds of impact fees from defendant because plaintiffs' conduct in paying them was not voluntary. We agree.
"The acceptance of benefits under a statute generally precludes an attack upon it." Convent v. Winston-Salem , 243 N.C. 316, 324, 90 S.E.2d 879, 884 (1956) [Covenant ]. Under the doctrine of estoppel, a plaintiff "cannot claim the benefit of statutes and afterwards assail their validity. There is no sanctity in such a claim of constitutional right as presents it being waived as any other claim of right may be." Id.
Amward , 206 N.C. App. at 60, 698 S.E.2d at 420 (footnote omitted) (emphasis added).
However, "[o]ne cannot be estopped by accepting that which he would be legally entitled to receive in any event." Beck v. Beck , 175 N.C. App. 519, 525, 624 S.E.2d 411, 415 (2006) (quoting In re Will of Peacock , 18 N.C. App. 554, 556, 197 S.E.2d 254, 255 (1973) ). Indeed, in the instant case, the General Assembly clearly contemplated that even if a party received a "benefit," i.e. , "development or a development permit," in exchange for paying an illegal fee, the party should still receive a recovery of that fee. See N.C.G.S. § 160A-363(e) ("If the city is found to have illegally exacted a ... fee ... for development or a development permit not specifically authorized by law, the city shall return the ... fee ... plus interest...." (emphasis added)). In other words, because plaintiffs would be legally entitled to receive development approval but for the requirement of the illegal impact fee, the doctrine of estoppel by acceptance of benefits does not apply. To hold otherwise would render section 160A-363(e) meaningless, because no party could ever seek a refund under that statute had they originally received a "benefit" in exchange for first paying the illegal fee. Lastly, "[e]quity will not interfere where a statute applies and dictates requirements for relief." Lankford v. Wright , 347 N.C. 115, 122, 489 S.E.2d 604, 608 (1997) (Mitchell, C.J., dissenting) (quoting 27A Am. Jur. 2d Equity § 246 (1994) ).
Accordingly, the trial court erred in granting summary judgment based on the doctrine of estoppel by acceptance of benefits.
III
The Supreme Court reversed this Court's previous decision affirming the trial court's grant of summary judgment for defendant Town of Carthage. Because we reject the statute of limitations and estoppel arguments, on remand plaintiff is entitled to judgment as a matter of law per the Supreme Court's opinion, and thus, the trial court should enter judgment in plaintiff's favor on remand. As such, because our previous analysis with regard to the attorneys' fees issue was necessarily dependent on our conclusion that defendant did not act outside the scope of its legal authority, we reconsider whether plaintiffs are entitled to attorneys' fees and costs pursuant to N.C. Gen. Stat. § 6-21.7, in light of the fact that the Supreme Court has held that "the impact fee ordinances on their face exceed the powers delegated to [defendant] by the General Assembly...." Quality Built Homes , --- N.C. at ----, 789 S.E.2d at 459 (citation omitted).
Plaintiffs argue that not only has defendant charged plaintiffs with an illegal impact fee without statutory authorization, but also that defendant has used the fees for purposes beyond the scope of its own illegal ordinance. As such, plaintiffs contend that under these circumstances, defendant's acts were an abuse of its discretion and a mandatory award of attorneys' fees and costs to plaintiffs is warranted. We agree that the trial court has the discretionary authority to award attorneys' fees, but remand to the trial court to make the appropriate findings of fact as to (1) whether defendant abused its discretion making attorneys' fees mandatory and (2) a reasonable attorneys' fee award to plaintiff, whether discretionary or mandatory.
In any action in which a city or county is a party, upon a finding by the court that the city or county acted outside the scope of its legal authority, the court may award reasonable attorneys' fees and costs to the party who successfully challenged the city's or county's action, provided that if the court also finds that the city's or county's action was an abuse of its discretion, the court shall award attorneys' fees and costs.
N.C.G.S. § 6-21.7 (2015) (emphasis added).
This statute permits a party that successfully challenges an action by a city or county to recover attorney's fees if the trial court makes certain findings of fact. When the court finds only that the city or county acted outside the scope of its legal authority, the award of attorney's fees is discretionary. However, if the court additionally finds that the city's or county's action constituted an abuse of discretion, then the award of attorney's fees is mandatory.
Etheridge v. Cnty. of Currituck , 235 N.C. App. 469, 477, 762 S.E.2d 289, 295-96 (2014) (citations omitted).
"[U]nder the plain language of the statute, the trial court is always required to separately determine both (1) that a local government acted outside the scope of its legal authority; and (2) that the act in question constituted an abuse of discretion before the court is required to award attorney's fees." Id. at 479, 762 S.E.2d at 297 ; see also Tommy Davis Constr., Inc. v. Cape Fear Public Utility Auth. , No. 7:13-CV-2_H, 2014 WL 4961111, at *1 (E.D.N.C. Oct. 2, 2014) (unpublished) (concluding "there [was] not enough evidence to find abuse of discretion") ("Attorney's fees are mandatory if the court makes an additional finding that the city's or county's action was an abuse of discretion." (citation omitted)).
Plaintiffs contend that defendants' use of the illegal impact fees for other purposes was an abuse of discretion, making an attorneys' fee award in their favor mandatory. However, in the instant case, because the trial court erred as a matter of law by granting summary judgment in favor of defendant, it necessarily did not reach the issue of whether to grant attorneys' fees to plaintiffs, the losing parties at the trial court level. Therefore, given that the Supreme Court has already determined that defendant "acted outside the scope of its legal authority" in imposing illegal impact fees, we remand to the trial court to determine whether that "act ... constituted an abuse of discretion before the [trial] court is required to award attorney's fees." Etheridge , 235 N.C. App. at 479, 789 S.E.2d at 297. If the trial court so finds, it shall then award reasonable attorneys' fees and costs to plaintiffs and, if it does not so find, the court shall determine whether, in its discretion, an award of attorneys' fees and costs is appropriate in this case.
The order of the trial court is
REVERSED AND REMANDED.
Report per Rule 30(e).
Judges STEPHENS and DIETZ concur.