C. T. SAMPLE ET AL. v. JOHN L. ROPER LUMBER COMPANY.

(Filed 24 February, 1909.)

1. Deeds and Conveyances—Title—Common Source.

When one claiming to own land, or having deed therefor in fee, grants or conveys to another a restricted estate or limited interest in the same, and it is apparent that the grantee acquired and holds his interest in recognition of the grantor's title, in any action between them concerning the property, the parties ordinarily come under the general rule that when it appears that both parties claim title from the same source neither shall be heard to deny or question the validity of such title.

2. Same—Outstanding Title—Proof—Superior Title.

This general rule is not in strictness one of estoppel, but is a rule of justice and convenience adopted by the courts to relieve the parties of the necessity of going back of the common source and deducing title from the State, when it is apparent that both are acting in recognition of the common source as the true title, and the same is subject to the exception that it is always open to the holder of the weaker claim to show a better outstanding title, provided he connects himself with it.

150—11

3. Same—Evidence.

When it appeared that defendant had purchased the standing timber on a tract of land of given dimensions, and taken a deed therefor in recognition of the grantor's claim of title, and on the trial between them, this being the plaintiff's only evidence of title, defendant offered evidence tending to show that there was an outstanding title superior to that of plaintiff's, and that defendant had acquired it, such evidence should have been received, and its rejection constitutes reversible error.

4. Limitation of Actions—Trespass—Cause of Action Accrued— "Continuing Trespass."

"Continuing trespass," within the statute of limitations, requiring action therefor to be brought within a specified period from the original trespass, refers to trespass by structures of a permanent nature, and not to separate and distinct acts of wrongfully cutting timber.

ACTION tried before *Ward, J.,* and a jury, at July (Special) Term, 1908, of TYRRELL.

The complaint alleged, and there was evidence tending to show, that plaintiffs, on 12 September, 1899, had sold to defendant the timber of given dimension, to wit, measuring 14 inches at the stump, standing on a large body of land in Tyrrell County, at a contract price of $1,900, with a right to cut and remove the same within a specified time—three years, with privilege of two years more by paying interest—and with the right, further, to cut timber below the dimension given for the purpose of constructing tramways, etc., necessary and required for the cutting and removing of said timber; that defendant had entered on said land and had cut and removed the timber specified and had paid the contract price therefor.

The complaint further alleged, and there was evidence tending to show, that defendant was occupying said land under and by virtue of the contract, and had cut a large quantity of timber standing on same below said dimension and not covered and contained in the contract, causing much spoil and injury, to plaintiffs' damage.

The contract on its face tended to show that plaintiffs, at the time of the sale, had deeds for the land and covenanted that they were the owners of the timber sold, and that they would warrant and defend the title to same, etc.

Defendant moved to dismiss the action, on the ground that plaintiffs had shown no evidence of title to the land that would justify a recovery for damages done thereto by cutting timber not embraced within the contract stipulation. Motion overruled, and defendant excepted. Defendant contended, further, that the testimony tended to show a continuing trespass; and inasmuch as a part of the wrongful cutting alleged was shown to have been more than three years before the action was commenced, the entire wrong was brought within the protection of the statute of limitations. This position was overruled, and defendant excepted.

In the course of the trial defendant offered in evidence grants covering all or a portion of the land in question, issued to John Gray Blount, bearing date 1796; and, further: "2d. Deeds made in 1904, registered same year in said count, from the only heirs at law of John Gray Blount, who died about 1836, said deeds conveying the said lands to certain parties, and *mesne* conveyances from the said grantees, made in 1904, to defendant company, said conveyances being properly registered in Tyrrell County during the year 1904."

It was admitted by the plaintiffs that the said grant and deeds covered part of the lands mentioned in the contract, and that the parties who signed the said deeds to the grantees of the defendant company were, at the time of executing same, the only living heirs at law of John Gray Blount, who died many years before; that the said deeds were registered in said county after the said cutting of timber had commenced and before it was ended.

The court ruled that said title in the defendant was immaterial, and that, the defendant having entered these lands under the contract, the defendant could not deny the plaintiffs' title to the timber cut by the introduction of these deeds. Defendant excepted.

There was a verdict for $2,000 damages for wrongful cutting of timber on the land within three years next before action brought, and excluding any recovery for injury prior to that time by reason of the statute of limitations. Judgment on the verdict for plaintiffs. Defendant appealed, and assigned for error:

1. The failure to dismiss the action as on judgment of nonsuit.

2. The ruling that the evidence offered was irrelevant and incompetent.

3. The refusal to hold that all recovery was barred because a part had been more than three years, and the evidence showed that the cutting was continuous.

*Aydlett & Ehringhaus* for plaintiffs.
*W. M. Bond* for defendant.

HOKE, J., after stating the case: In *McCoy v. Lumber Co.,* 149 N. C., 1, this Court held, in effect, that where one having a deed for real property, or, being in possession, claiming to own the same in fee, conveys or grants to another a lesser estate in the property or a restricted interest therein, and there is evidence tending to show that the grantee took in recognition of the grantor's right as the true owner, the parties to such a transaction, in any litigation between them involving the title, come within the principle very generally recognized, that when it appears that both parties to a suit claim under the same title, neither, as a general rule, shall be heard to deny or question the validity of the common source of their respective claims. In the present case there is on the face of the instrument evidence which tends to show that the plaintiffs, claiming to be the owners of the property, sold to the defendant a restricted interest therein, to wit, the standing timber of given dimension, and that defendant bought the timber in recognition at the time of plaintiffs' claim as owner of the land, and there was no error, therefore, in denying motion for nonsuit, made by defendant on the ground that there was no evidence tending to sustain plaintiffs' claim of title. In the same case *(McCoy v. Lumber Co., supra)* the Court referred to several well-considered decisions upholding the position that this principle, which prevented parties litigant from questioning the validity of the title under which they both claimed, was not in strictness an estoppel, but "a rule of justice and convenience, adopted by the courts to relieve the plaintiff in ejectment from the necessity of going back of the common source and deducing title from the State,"

and that it was subject to the exception that a defendant was allowed to show there was a title outstanding superior to this common source, and that he had acquired it. *Christenbury v. King,* 85 N. C., 230. In this case *Ashe, J.,* for the Court, said: "It is well settled as an inflexible rule that where both parties claim under the same person neither of them can deny his right, and then as between them the elder is the better title and must prevail. * * * To this rule there is an exception when the defendant can show a better title outstanding and has acquired it."

Applying the principle indicated in this exception, we are of opinion that there was error in holding that the evidence offered, tending to show that defendant had acquired the title of John Gray Blount, was irrelevant and immaterial. Such a position would be to give the general rule relied upon by plaintiffs to establish their title the force and effect of a strict estoppel; whereas it yields to the exception stated, that defendant is allowed to show a better title outstanding, and that he has acquired it, and if to a part of it he should be allowed to reduce the recovery by such part. It may be that, notwithstanding this proposed testimony, the plaintiffs' title may prove the true one, but we think the evidence offered tended at least to show that defendant had brought itself within the recognized exception as to part of the land, and it was error to exclude it or to hold that it had no significance. It may be well to note that this is not an action to recover possession of the land. It may be that in such case the defendant, having entered under plaintiffs' permit and license, would be required to surrender possession so acquired before asserting its claim; but this is an action for damages for wrongfully cutting timber, and, if defendant has in fact the true title, to allow recovery by plaintiffs would be to hold defendant responsible for cutting its own timber, a result that should not be sanctioned or allowed.

There is no merit in defendant's exception as to the statute of limitations. True, the statute declares that actions for trespass on real estate shall be barred in three years, and when the trespass is a continuing one such action shall be commenced within three years from the original trespass and not thereafter; but this term, "continuing trespass," was no doubt used in reference

to wrongful trespass upon real property, caused by structures permanent in their nature and made by companies in the exercise of some *quasi* public franchise. Apart from this, the term could only refer to cases where a wrongful act, being entire and complete, causes continuing damage, and was never intended to apply when every successive act amounted to a distinct and separate renewal of the wrong. In this case every wrong invasion of plaintiffs' property amounted to a distinct, separate trespass, day by day, and for any and all such trespasses coming within the three years the defendant is responsible.

For the error heretofore indicated there should be a new trial of the issues, and it is so ordered.

New Trial.