IN THE SUPREME COURT OF NORTH CAROLINA

No. 315PA15-2

Filed 11 May 2018

QUALITY BUILT HOMES INCORPORATED and STAFFORD LAND COMPANY, INC.

v.

TOWN OF CARTHAGE

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, ___ N.C. App. ___, 795 S.E.2d 436 (2016), reversing and remanding an order allowing summary judgment entered on 17 October 2014 by Judge James M. Webb in Superior Court, Moore County, after the Supreme Court of North Carolina remanded the Court of Appeals' prior decision in this case, *Quality Built Homes Inc. v. Town of Carthage*, 242 N.C. App. 521, 776 S.E.2d 897 (2015) (unpublished). Heard in the Supreme Court on 9 January 2018.

*Ferguson, Hayes, Hawkins & DeMay, PLLC, by James R. DeMay; and Scarbrough & Scarbrough, PLLC, by John F. Scarbrough, Madeline J. Trilling, and James E. Scarbrough, for plaintiff-appellees.*

*Cranfill Sumner & Hartzog LLP, by Susan K. Burkhart, for defendant-appellant.*

*Ellis & Winters LLP, by Stephen D. Feldman, Steven A. Scoggan, and Paul M. Cox, for North Carolina Water Quality Association and the Municipalities of Apex, Concord, Holly Springs, Jacksonville, Kannapolis, Surf City, and Winston-Salem; and F. Paul Calamita for North Carolina Water Quality Association, amici curiae.*

*Erwin, Bishop, Capitano & Moss, P.A., by J. Daniel Bishop and Joseph W. Moss, Jr., for Union County, amicus curiae.*

ERVIN, Justice.

The issues before us in this case involve when the claims that plaintiffs Quality Built Homes Incorporated and Stafford Land Company, Inc., have asserted against defendant Town of Carthage accrued and whether plaintiffs' claims are barred by the one-, two-, -three-, or ten-year statute of limitations and the doctrine of estoppel by the acceptance of benefits. After careful review of the claims asserted against the Town in plaintiffs' complaint and the applicable law, we conclude that plaintiffs' cause of action accrued upon the Town's exaction of the unlawful impact fees against plaintiffs and that plaintiffs' claims against the Town arise from a liability created by statute that is subject to the three-year statute of limitations contained in N.C.G.S. § 1-52(2). In addition, we further conclude that the Town's assertion that plaintiffs' claims are barred by the doctrine of estoppel by the acceptance of benefits lacks merit. As a result, we affirm the Court of Appeals' decision, in part; reverse the Court of Appeals' decision, in part; and remand this case to the Court of Appeals for further remand to the Superior Court, Moore County, for further proceedings not inconsistent with this opinion.

The Town operates a public water and sewer system for the benefit of its residents. In 2003, the Town adopted two ordinances providing for the assessment of water and sewer impact fees known, respectively, as Ordinance § 51.076 and Ordinance § 51.097. According to the Town, the required impact fees were to "be used to cover the cost of expanding the water [and sewer] system[s]," with fee payments

due and owing at the time of final plat approval or at the time at which the payment of a separate fee intended to cover the cost of connecting end-user customers to the Town's water and sewer system was made. As of the time that this action was commenced, Quality Built Homes had paid the Town $66,000.00 in water and sewer impact fees and placed an additional $4,000.00 into an escrow account following the filing of its complaint[1] and Stafford Land had paid the Town $57,000.00 in water and sewer impact fees.

On 28 October 2013, plaintiffs filed a complaint against the Town in the Superior Court, Moore County. In their complaint, plaintiffs asked the trial court "to determine whether [the Town] has authority to enact and enforce portions of its ordinance regulating the collection of [the water and sewer] impact fees" and sought to recover the unlawful impact fees that they had paid to the Town, plus interest, as authorized by N.C.G.S. § 160A-363(e), and attorneys' fees, as authorized by N.C.G.S. § 6-21.7. On 23 June 2014, plaintiffs amended their complaint to include claims asserting that the challenged impact fees violated the equal protection and due process provisions of the North Carolina Constitution, resulted in unreasonable discrimination in violation of N.C.G.S. § 160A-314, and contravened the Town's

---

[1] In spite of the requirement that the water and sewer impact fees be paid at the time of final plat approval, Quality Built Homes was allowed to pay these fees at the time that it received individual development permits. After the filing of plaintiffs' complaint, an additional $4,000.00 in impact fee payments made by Quality Built Homes was placed into escrow by agreement of the parties, with the final disposition of this amount to be determined at the conclusion of the present litigation.

impact fee ordinances. On 29 August 2014, the Town filed an answer to plaintiffs' amended complaint in which it denied the material allegations of the amended complaint and asserted a number of affirmative defenses, including claims that the challenged impact fees had adequate statutory authorization and that plaintiffs' claims were barred by the applicable statute of limitations and the doctrine of waiver or estoppel through the acceptance of benefits. After the parties filed cross-motions for summary judgment, the trial court entered an order on 17 October 2014 granting summary judgment in favor of the Town. Plaintiffs noted an appeal from the trial court's order to the Court of Appeals.

On 4 August 2015, the Court of Appeals filed an unpublished opinion holding that the Town had "acted within the authority conferred by North Carolina General Statutes, sections 160A[-]312, -313, and -314 to collect a water and sewer impact fee." *Quality Built Homes Inc. v. Town of Carthage*, 242 N.C. App. 521, 776 S.E.2d 897, 2015 WL 4620404, at *5 (2015) (unpublished). On 5 November 2015, this Court allowed discretionary review of the Court of Appeals' decision. On 19 August 2016, this Court filed an opinion reversing the Court of Appeals' decision on the grounds that the challenged impact fee ordinances were unlawful. *Quality Built Homes, Inc. v. Town of Carthage*, 369 N.C. 15, 22, 789 S.E.2d 454, 459 (2016). More specifically, we determined that, "[w]hile the enabling statutes allow [the Town] to charge for the contemporaneous use of its water and sewer systems, the plain language of the Public Enterprise Statutes clearly fails to empower the Town to impose impact fees for

future services." *Id*. at 19-20, 789 S.E.2d at 458. In light of this determination, we remanded this case to the Court of Appeals in order to allow it to address whether plaintiffs' claims were barred by the applicable statute of limitations or the doctrine of estoppel by the acceptance of benefits.[2] *Id*. at 18 n.2, 22, 789 S.E.2d at 457 n.2, 459.

On 30 December 2016, the Court of Appeals filed an unpublished opinion holding that plaintiffs' claims against the Town were subject to the ten-year statute of limitations set out in N.C.G.S. § 1-56, *Quality Built Homes Inc. v. Town of Carthage*, __ N.C. App. __, 795 S.E.2d 436, 2016 WL 7984235, at *2 (2016) (unpublished), on the grounds that "North Carolina courts have held that ultra vires claims for charging fees without statutory authority have a ten-year statute of limitations," *id*. (quoting *Tommy Davis Constr. Inc. v. Cape Fear Pub. Util. Auth.*, No. 7:13-CV-2-H, 2014 WL 3345043, at *3 (E.D.N.C. July 8, 2014), *aff'd*, 807 F.3d 62 (2015)). As a result, given that plaintiffs had paid the challenged impact fees within ten years before filing their complaint in this case, the Court of Appeals held that plaintiffs' claims were not time-barred. *Id*. at *3. In addition, the Court of Appeals held that plaintiffs were not estopped from pursuing their claims against the Town on the grounds that "[o]ne cannot be estopped by accepting that which he would be legally entitled to receive in any event" and that the General Assembly "clearly

---

[2] Although we had initially granted discretionary review with respect to these issues, we dismissed the discretionary review petition relating to them as having been improvidently granted. *Quality Built Homes Inc.*, 369 N.C. at 22, 789 S.E.2d at 459.

contemplated that even if a party received a 'benefit' . . . in exchange for paying an illegal fee, the party should still receive a recovery of that fee." *Id.* (first alteration in original) (first quoting *Beck v. Beck,* 175 N.C. App. 519, 525, 624 S.E.2d 411, 415 (2006); and then citing N.C.G.S. § 160A-363(e)). As a result, the Court of Appeals reversed the trial court's order and remanded this case to the Superior Court, Moore County, for the purpose of "mak[ing] the appropriate findings of fact as to (1) whether defendant abused its discretion making attorneys' fee mandatory and (2) a reasonable attorneys' fees award to plaintiff, whether discretionary or mandatory." *Id.* at *4. We granted the Town's request for discretionary review of the Court of Appeals' remand decision.

In seeking relief from the Court of Appeals' decision before this Court, the Town argues that the Court of Appeals had ignored the fundamental legal principle that a claim accrues when the right to maintain an action arises, which, in this case, was the date upon which the challenged ordinances became effective, citing *Williams v. Blue Cross Blue Shield of North Carolina*, 357 N.C. 170, 177-78, 581 S.E.2d 415, 423 (2003). According to the Town, the "continuing wrong" doctrine has no application in this case given that, unlike the situation at issue in *Williams*, "the [p]laintiffs, in this case, who are in the business of developing property, knew at the moment the Ordinances were passed, that they would be subject to the Ordinances' requirement of the payment of water and sewer impact fees." (Emphasis omitted.)

-6-

In addition, the Town argued that the "continuing wrong" doctrine has no application to ultra vires claims.

In the Town's view, the applicable statute of limitations for purposes of this case is the one-year statute of limitations set out in 1-54(10) and N.C.G.S. §§ 160A-364.1(b), which governs challenges to the validity of zoning and development ordinances. According to N.C.G.S. § 160A-364.1(b), which applies to actions "challenging the validity of any zoning or unified development ordinance or any provision thereof adopted under [Article 19, Planning and Regulation of Development]," N.C.G.S. § 160A-364.1(b) (2017), and N.C.G.S. § 1-54(10), which applies to "[a]ctions contesting the validity of any zoning or unified development ordinance or any provision thereof adopted under . . . Part 3 of Article 19 of Chapter 160A of the General Statutes," *id.* § 1-54(10) (2017), the applicable statute of limitations is one year. The Town contends that N.C.G.S. § 160A-363(e) should be harmonized and construed with N.C.G.S. § 160A-364.1(b) given that they address the same subject matter and that the two statutory provisions establish that a claim for "refund for an illegal exaction in the development process is subject to the one-year statute of limitations in N.C.G.S. § 160A-364.1(b)," citing, *inter alia, In re M.I.W.*, 365 N.C. 374, 382, 722 S.E.2d 469, 475 (2012).

In the alternative, the Town asserts that the two-year statute of limitations set out in N.C.G.S. § 1-53(1) operates to bar plaintiffs' claims. More specifically, the Town notes that N.C.G.S. § 1-53(1) provides that "[a]n action against a local unit of

government upon a contract, obligation or liability arising out of a contract, express or implied," must be filed within two years. N.C.G.S. § 1-53(1) (2017). The Town contends that the two-year statute of limitations set out in N.C.G.S. § 1-53(1) applies in this case because plaintiffs' claims are tantamount to a common law claim for breach of an implied contract given that a municipality's proprietary actions mirror those of a business, citing *Town of Spring Hope v. Bissette*, 305 N.C. 248, 250-51, 287 S.E.2d 851, 853 (1982) (stating that "[t]his rate-making function [pursuant to N.C.G.S. § 160A-314(a)] is a proprietary rather than a governmental one, limited only by statute or contractual agreement"). As a result, the Town contends that plaintiffs' claims, which arise from the operation of the Town's public enterprise system, should be subject to the two-year statute of limitations set out in N.C.G.S. § 1-53(1).

In the event that plaintiffs' claims are not subject to the two-year statute of limitations set out in N.C.G.S. § 1-53(1), the Town contends that the applicable statute of limitations is the three-year statute of limitations set out in N.C.G.S. § 1-52(2) applicable to "a liability created by statute," quoting N.C.G.S. § 1-52(2) (2017). According to the Town, plaintiffs' claims are subject to the three-year statute of limitations set out in N.C.G.S. § 1-52(2) because the Town's liability is authorized by N.C.G.S. § 160A-174(b) and arises from the enactment of a pair of ultra vires ordinances. In the alternative, the Town argues that, if the applicable statute of limitations is not found in N.C.G.S. § 1-52(2), this case is governed by N.C.G.S. § 1-52(5), which applies to claims "[f]or criminal conversation, or for any other injury to

the person or rights of another, not arising on contract," quoting N.C.G.S. § 1-52(5) (2017).[3]

According to the Town, this Court has only applied the "catch-all" ten-year statute of limitations in cases involving resulting or constructive trusts, first citing *Orr v. Calvert*, 365 N.C. 320, 720 S.E.2d 387 (2011); then citing in the following sequence *Cline v. Cline*, 297 N.C. 336, 255 S.E.2d 399 (1979); *Jarrett v. Green*, 230 N.C. 104, 52 S.E.2d 223 (1949); *Bowen v. Darden*, 241 N.C. 11, 84 S.E.2d 289 (1954); *Sandlin v. Weaver*, 240 N.C. 703, 83 S.E.2d 806 (1954); and *Teachey v. Gurley*, 214 N.C. 288, 199 S.E. 83 (1938). Although the Town concedes that, even though "there may be a claim that is so unique that it bears no resemblance to any claim presently envisioned by our legislature, thereby falling outside all of the multitudinous statutes of limitations included in Chapter I, Subchapter II, Article 5, of the General Statutes, this is not such a case." (Emphases omitted.)

Finally, the Town argues that plaintiffs' claims are barred by the doctrine of estoppel by the acceptance of benefits. According to the Town, "one who voluntarily proceeds under a statute and claims benefits thereby conferred will not be heard to question its constitutionality in order to avoid its burdens." *Convent of the Sisters of*

---

[3] In its reply brief, the Town also suggested that the three-year statute of limitations applicable to claims "for the recovery of an unlawful fee, charge, or exaction collected by a county, municipality, or other unit of local government for water or sewer service or water and sewer service" set out in N.C.G.S. § 1-52(15), which had been enacted by the General Assembly after the filing of the Town's initial brief, constituted a clarifying amendment to N.C.G.S. § 1-52 and barred the maintenance of plaintiffs' claims. Act of June 29, 2017, ch. 138, secs. 10(b), 11, 2017-4 N.C. Adv. Legis. Serv. 174, 180 (LexisNexis).

*St. Joseph v. City of Winston-Salem*, 243 N.C. 316, 324, 90 S.E.2d 879, 885 (1956). Allowing plaintiffs to recover the water and sewer impact fees that they have paid to the Town would permit them to receive "an unfair windfall" given that plaintiffs' developments have received needed permits and had access to the Town's water and sewer system for a period in excess of ten years and given that plaintiffs collected the impact fee amounts from their own customers as part of the price paid to purchase land in plaintiffs' developments. As a result, for all of these reasons, the Town contends that the Court of Appeals erred by remanding this case to the trial court for the entry of an order awarding attorneys' fees pursuant to N.C.G.S. § 6-21.7.

Plaintiffs, on the other hand, argue that the General Assembly's decision to rewrite N.C.G.S. § 1-52(15) to provide a three-year statute of limitations for claims "for the recovery of an unlawful fee, charge, or exaction collected by a county, municipality, or other unit of local government for water or sewer service or water and sewer service," Act of June 29, 2017, ch. 138, sec. 10(a), 2017-4 N.C. Adv. Legis. Serv. 174, 180 (LexisNexis), narrows the statute of limitations dispute in this case to whether the rewrite of N.C.G.S.§ 1-52(15) is a "clarifying amendment," which serves to bar plaintiffs' claims, or an "altering amendment" inapplicable to plaintiffs' claims, rendering the "catch-all" ten-year statute of limitations set out in N.C.G.S. § 1-56 applicable to this case. In plaintiffs' view, an amendment is deemed "altering" if it changes the substance of the original law, citing *Ray v. North Carolina Department of Transportation*, 366 N.C. 1, 9, 727 S.E.2d 675, 681 (2012), with the presumption

being "that the legislature intended to change the original act by creating a new right or withdrawing any existing one," quoting *Childers v. Parker's Inc.*, 274 N.C. 256, 260, 162 S.E.2d 481, 483 (1968). Plaintiff contends, in view of the fact that N.C.G.S. § 1-52(15) required no clarification, that the subsequent amendment created an addition to, rather than a clarification of, the existing statute, rendering plaintiffs' claims subject to the "catch-all" ten-year statute of limitations, first citing *Amward Homes Inc. v. Town of Cary*, 206 N.C. App. 38, 59, 698 S.E.2d 404, 419 (2010) (applying the ten-year statute of limitations set out in N.C.G.S. § 1-56 to a claim for the recovery of unlawful school impact fees), *a'ffd per curiam by an equally divided court*, 365 N.C. 305, 716 S.E.2d 849 (2011), then citing, *inter alia*, *Point South Properties LLC v. Cape Fear Public Utility Authority*, 243 N.C. App. 508, 515, 778 S.E.2d 284, 289 (2015) (applying the ten-year statute of limitations set out in N.C.G.S. § 1-56 to a claim for the recovery of unlawful water and sewer impact fees).

In addition, plaintiffs contend that the 2017 amendment to N.C.G.S. § 1-52(15) does not apply to this case because accrued and pending causes of action constitute vested rights, which are constitutionally protected, first citing *Rhyne v. K-Mart Corp.*, 358 N.C. 160, 176, 594 S.E.2d 1, 12 (2004) (explaining that, "[w]ithout question, vested rights of action are property, just as tangible things are property"), then citing, *inter alia*, *Bolick v. American Barmag Corp.*, 306 N.C. 364, 371, 293 S.E.2d 415, 420 (1982) (explaining that, "[w]hen a statute would have the effect of destroying a vested right if it were applied retroactively, it will be viewed as operating prospectively

only"). As a result, plaintiffs argue that the effect of retroactively applying the 2017 amendment to N.C.G.S. § 1-52(15) would deprive them of their vested property rights.

In addition, plaintiffs contend that the one-year statute of limitations set out in N.C.G.S. §§ 160A-364.1 and 1-54(10) has no application in this case because plaintiffs' claims do not stem from a zoning or unified development ordinance adopted pursuant to Article 19 of Chapter 160A of the North Carolina General Statutes. Instead, plaintiffs have challenged the validity of the water and sewer impact fees that have been charged by the Town pursuant to the public enterprise authority granted by Article 16 of Chapter 160A of the North Carolina General Statutes. Similarly, the two-year statute of limitations set out in N.C.G.S. § 1-53(1) has no application in this case because plaintiffs' claims rest upon the exaction of unlawful impact fees rather than upon the breach of an implied contract, citing *Point Southern Properties*, 243 N.C. App. at 515, 778 S.E.2d at 289. Moreover, plaintiffs claim that the three-year statute of limitations set out in N.C.G.S. § 1-52(2) does not apply in this case because plaintiffs' claims do not rest upon a liability created by statute. Plaintiffs argue that, instead of arising under N.C.G.S. § 160A-363(e), the Town's liability for the refund of unlawfully exacted impact fees is derived from preexisting common law principles, citing *Smith Chapel Baptist Church v. City of Durham*, 350 N.C. 805, 517 S.E.2d 874 (1999) (requiring the refunding of unlawfully exacted stormwater impact fees paid prior to the adoption of N.C.G.S. § 153A-363(e)); and *Durham Land Owners Ass'n v. County of Durham*, 177 N.C. App. 629, 630 S.E.2d 200

(requiring the refunding of unlawfully exacted school impact fees paid prior to the adoption of N.C.G.S. § 153A-324(b), the analogous statute for counties) *disc. rev. denied*, 360 N.C. 532, 633 S.E.2d 678 (2006)). Finally, plaintiffs argue that their claims are not barred by the three-year statute of limitations set out in N.C.G.S. § 1-52(5) because their claims do not arise from an "injury to the person line rights of another, not arising on contract."

Plaintiffs assert that their claims against the Town accrued at the time of the Town's exaction of the unlawful water and sewer impact fees rather than upon the adoption of the related impact fee ordinances. The Town's argument to the contrary is flawed, in plaintiffs' opinion, because the impact fees that had been exacted from them had been adopted annually rather than in the relevant ordinances. Simply put, since a "plaintiff's injury is the wrong entitling plaintiff to commence a cause of action," quoting *Black v. Littlejohn*, 312 N.C. 626, 639, 325 S.E.2d 469, 478 (1985), plaintiffs sustained no injury until the Town actually exacted the unlawful impact fees.

Finally, plaintiffs argue that a decision to accept the Town's estoppel by the acceptance of benefits argument would encourage the Town to engage in unlawful conduct and unjustly enrich the Town. Plaintiffs contend that they received no "benefit" from the payment of the unlawful impact fees given that their payments were mandatory, citing *Virginia-Carolina Peanut Co. v. Atlantic Coast Line Railroad Co.*, 166 N.C. 62, 74, 82 S.E. 1, 5 (1914) (explaining that, in the event that a party's

"only alternative [is] to submit to an illegal exaction or discontinue its business," "[m]oney paid, or rather value parted with, under such pressure has never been regarded as a voluntary act"). As a result, plaintiffs assert that the Court of Appeals' decision should be affirmed.

> Statutes of limitation are intended to afford security against stale claims. With the passage of time, memories fade or fail altogether, witnesses die or move away, [and] evidence is lost or destroyed; and it is for these reasons, and others, that statutes of limitations are inflexible and unyielding and operate without regard to the merits of a cause of action.

*Estrada v. Burnham*, 316 N.C. 318, 327, 341 S.E.2d 538, 544 (1986) (citation omitted), *superseded by statute*, N.C.G.S. § 1A-1, Rule 11(a) (Cum. Supp. 1988), *on other grounds as stated in Turner v. Duke Univ.*, 325 N.C. 152, 163-64, 381 S.E.2d 706, 712-13 (1989). "[S]tatutes of limitation are procedural, not substantive, and determine not whether an injury has occurred, but whether a party can obtain a remedy for that injury." *Christie v. Hartley Constr., Inc.*, 367 N.C. 534, 538, 766 S.E.2d 283, 286 (2014) (citation omitted). "[T]he statute of limitations begins to run once a cause of action accrues," *McCutchen v. McCutchen*, 360 N.C. 280, 283, 624 S.E.2d 620, 623 (2006) (citation omitted), with "[a] cause of action [having] accrue[d] . . . whenever a party becomes liable to an action," *Matthieu v. Piedmont Nat. Gas Co.*, 269 N.C. 212, 215, 152 S.E.2d 336, 339 (1967); *see also Register v. White*, 358 N.C. 691, 697, 599 S.E.2d 549, 554 (2004) (stating that "a statutory limitations period on a cause of action necessarily cannot begin to run before a party acquires a right to maintain a

lawsuit"). "The accrual of the cause of action must therefore be reckoned from the time when the first injury was sustained." *Mast v. Sapp*, 140 N.C. 533, 537, 53 S.E. 350, 351 (1906).

As we understand the record, the first issue related to the statute of limitations that must be addressed is identifying the point in time at which plaintiffs' claims against the Town accrued. In *Williams*, this Court addressed the validity of an Orange County ordinance enacted pursuant to legislation adopted by the General Assembly "authoriz[ing] transfer by the [Equal Employment Opportunity Commission] to Orange County of employment discrimination complaints filed with it originating in the county and transfer by [the Department of Housing and Urban Development] to Orange County of housing discrimination complaints arising in the county." 357 N.C. at 174-75, 581 S.E.2d at 420. After the plaintiff filed a complaint seeking relief for allegedly unlawful discrimination in violation of the ordinance, the defendant filed an answer that included a counterclaim seeking a declaration "that the enabling legislation and the Ordinance violated Article II, Section 24(1)(j) of the North Carolina Constitution." *Id*. at 177, 581 S.E.2d at 421. In holding that the defendant's challenge to the validity of the ordinance in question was not barred by the applicable statute of limitations, *id*. at 178, 581 S.E.2d at 422, predicated upon the plaintiffs' theory that "the time period for [the defendant's] filing of a constitutional challenge to the Ordinance or the enabling legislation began to run on

the date the enabling legislation or the Ordinance became effective," *id.* at 178, 581 S.E.2d at 422, we explained that

> [w]hen the enabling legislation and the Ordinance were first enacted, [the defendant] was just another employer in Orange County to which these new laws applied; any harm to [the defendant] was both prospective and speculative. The alleged wrongs to [the defendant] became apparent only upon enforcement of the Ordinance through the filing of lawsuits and proceedings against [the defendant].

*Id.* at 179, 581 S.E.2d at 423. In other words, this Court held in *Williams* that the defendant's challenge to the validity of the ordinance in question accrued when the ordinance was enforced against that party rather than at the time of initial enactment in reliance upon the "continuing wrong" doctrine. *Id.* at 180-81, 581 S.E.2d at 424.

In determining whether a plaintiff is entitled to challenge the validity of an ordinance as subjecting the plaintiff to what is tantamount to a continuing harm, "we examine [the] case under a test that considers '[t]he particular policies of the statute of limitations in question, as well as the nature of the wrongful conduct and harm alleged.'" *Id.* at 179, 581 S.E.2d at 423 (second alteration in original) (quoting *Cooper v. United States*, 442 F.2d 908, 912 (7th Cir. 1971)). For that reason, the reviewing court "must examine the wrong alleged by [the plaintiff] to determine if the purported violation is the result of 'continual unlawful acts,' each of which restarts the running of the statute of limitations, or if the alleged wrong is instead merely the 'continual ill effects from an original violation.'" *Id.* at 179, 581 S.E.2d at 423 (quoting *Ward v.*

*Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)). "[I]f the same alleged violation was committed at the time of each act, then the limitations period begins anew with each violation . . . ." *Id.* at 179-80, 581 S.E.2d at 423 (alterations in original) (quoting *Perez v. Laredo Junior Coll.*, 706 F.2d 731, 733 (5th Cir. 1983), *cert. denied*, 464 U.S. 1042, 104 S. Ct. 708, 79 L. Ed. 2d 172 (1984)). Although the "continuing wrong" doctrine has been treated, in some instances, as an "exception" to the usual rules governing the operation of statutes of limitations, such a description of the doctrine in question is a misnomer given that the "continuing wrong" doctrine does nothing more than provide that the applicable limitations period starts anew in the event that an allegedly unlawful act is repeated.

A classic example of the "continuing wrong" doctrine can be seen in *Sample v. John L. Roper Lumber Co.*, in which the plaintiffs alleged that the defendant had repeatedly trespassed upon their property by unlawfully harvesting timber there. As this Court stated in *Sample*, "every wrong invasion of plaintiffs' property amounted to a distinct, separate trespass, day by day, and for any and all such trespasses coming within the three years the defendant is responsible." 150 N.C. 161, 166, 63 S.E. 731, 732 (1909). Thus, consistent with the principle espoused in *Williams*, 357 N.C. at 179, 581 S.E.2d at 423 (quoting *Ward*, 650 F. 2d at 1147), the defendant's repeated trespasses onto the plaintiffs' property constituted " 'continual unlawful acts,' each of which restart[ed] the running of the statute of limitations." *See also Lightner v. City of Raleigh*, 206 N.C. 496, 503-05 174 S.E.2d 272, 276-78 (1934)

(applying the continuing wrong doctrine to a situation involving repeated discharges of sewage onto the plaintiffs' property). Similarly, this Court applied the "continuing wrong" doctrine in *Faulkenbury v. Teachers' & State Employees' Retirement System of North Carolina*, in which the plaintiffs alleged that the State had unlawfully reduced their disability retirement payments. 345 N.C. 683, 690, 483 S.E.2d 422, 426 (1997). According to this Court, "the reductions in payments under the new systems were deficiencies which have continued to the present time," so that "the plaintiffs [could] pursue claims for underpayments for three years before they commenced actions," *id.* at 695, 483 S.E.2d at 429-30, given that "the limitations period beg[an] anew," *Williams*, 357 N.C. at 179-80, 581 S.E.2d at 423 (quoting *Perez*, 706 F.2d at 733), with the making of each reduced payment.

On the other hand, in *Jewell v. Price*, the plaintiffs alleged that the defendant building contractor had constructed a home for them that contained a negligently installed a furnace. The Court concluded that the "defendant's negligent breach of the legal duty . . . occurred on November 15, 1958, when he delivered to [the plaintiffs] a house with a furnace lacking a draft regulator and . . . having been installed too close to combustible joists." 264 N.C. 459, 462, 142 S.E.2d 1, 4 (1965). "[A]lthough [the plaintiffs] had no knowledge of the invasion [of their rights] until . . . . [t]he fire which destroyed their home on January 18, 1959, 'the whole injury' resulted proximately from [the] defendant's original breach of duty" "arising out of his contractual relation with [the] plaintiffs . . . when he delivered to them a house with

a [negligently installed] the furnace." *Id*. at 462, 142 S.E.2d at 4. As a result, since the alleged violation of the plaintiffs' legal rights was "entire and complete," *Sample*, 150 N.C. at 164, 63 S.E. at 732, when the house containing the negligently installed furnace was delivered to the plaintiffs, there was no repeated violation of their rights sufficient to restart the running of the applicable statute of limitations at the time that the fire occurred.

The essence of plaintiffs' claim against the Town is that the Town has exacted unlawful impact fee payments from them. In other words, "the nature of the wrongful conduct and harm alleged," *Williams*, 357 N.C. at 179, 581 S.E.2d at 423 (quoting *Cooper*, 442 F.2d at 912), in plaintiffs' complaint rests upon the Town's collection of water and sewer impact fees rather than the adoption of the impact fee ordinances. As was the case in *Williams*, plaintiffs did not sustain any direct injury at the time that the challenged impact fee ordinances were adopted. Instead, plaintiffs sustained the injury upon which their claims rest when plaintiffs were required to make impact fee payments in order to obtain approval for their development proposals. As a result, since plaintiffs' injury occurred when plaintiffs made the required impact fee payments to the Town, we conclude that Quality Built Homes' claims against the Town accrued on various dates between 1 May 2006 through 21 January 2009 and that Stafford Land's claims against the Town accrued on various dates between 20 December 2005 through 30 June 2009.

In identifying the statute of limitations that applies to plaintiffs' claims against the Town, we begin by noting that, according to well-established North Carolina law, "[w]here one of two statutes might apply to the same situation, the statute which deals more directly and specifically with the situation controls over the statute of more general applicability," *Fowler v. Valencourt*, 334 N.C. 345, 349, 435 S.E.2d 530, 533 (1993) (quoting *Trs. of Rowan Tech. Coll. v. J. Hyatt Hammond Assocs.*, 313 N.C. 230, 238, 328 S.E.2d 274, 279 (1985)), and that, "[w]hen two statutes apparently overlap, it is well established that the statute special and particular shall control over the statute general in nature, even if the general statute is more recent, unless it clearly appears that the legislature intended the general statute to control," *id.* at 349, 435 S.E.2d at 534 (quoting *Trs. of Rowan Tech.*, 313 N.C. at 238, 328 S.E.2d at 279). According to N.C.G.S. § 1-52(15), as amended by the 2017 General Assembly, an action "[f]or the recovery of taxes paid as provided in [N.C.]G.S. [§] 105-381 or for the recovery of an unlawful fee, charge, or exaction collected by a county, municipality, or other unit of local government for water or sewer service or water and sewer service" must be filed within three years from the date upon which the plaintiff's claim accrued. N.C.G.S. § 1-52(15) (2017). Although the 2017 version of N.C.G.S. § 1-52(15) "deals more directly and specifically" with the nature of the claims that plaintiffs have asserted against the Town, *Fowler*, 334 N.C. at 349, 435 S.E.2d at 533, and, although the General Assembly specifically described the 2017 addition to N.C.G.S. § 1-52(15) as "a clarifying amendment" that "has retroactive effect and

applies to claims accrued or pending prior to . . . the date" that the amended version of N.C.G.S. § 1-52(15) became law, Ch. 138, sec. 11, 2017-4 N.C. Adv. Legis. Serv. at 180 (LexisNexis), we need not decide whether the amended version of N.C.G.S. § 1-52(15) is entitled to retroactive effect, despite plaintiffs' contention that they have a vested property right in their claims against the Town, given our determination that plaintiffs' claims against the Town are governed by N.C.G.S. § 1-52(2), which applies to "a liability created by statute, either state or federal."

The gravamen of our previous decision in this case was that "the Public Enterprise Statutes . . . clearly and unambiguously fail to give [the Town] the essential prospective charging power necessary to assess impact fees" and that, since "the legislature alone controls the extension of municipal authority, the impact fee ordinances on their face exceed the powers delegated to the Town by the General Assembly." *Quality Built Homes*, 369 N.C. at 22, 789 S.E.2d at 459. As a result, the essence of our earlier decision in this case was that the Town had acted unlawfully by assessing a water and sewer impact fee not authorized by N.C.G.S. § 160A-314(a) (2015) (providing that "[a] city may establish and revise . . . rents, rates, fees, charges, and penalties for the use of or the services furnished by any public enterprise"). In light of that fact, we have little difficulty concluding that the claim recognized in our prior decision in this case was, when viewed realistically, one resting upon an alleged statutory violation that resulted in the exaction of an unlawful payment which

plaintiffs had an inherent right to recoup.[4]  Although the Court of Appeals reached a

different conclusion in *Point South Properties* based upon the fact that N.C.G.S. §

162A-88 did not provide an explicit statutory right to seek recovery of the challenged

impact fees separate and apart from the statutory provisions governing the

defendant's authority to charge the challenged impact fees, we do not believe that the

applicability of the three-year statute of limitations set out in N.C.G.S. § 1-52(2)

hinges upon such a fine parsing of the relevant statutory language.[5]  At an absolute

minimum, none of our prior decisions impose the limitation upon the applicability of

the three-year statute of limitations set out in N.C.G.S. § 1-52(2) upon which the

Court of Appeals' decisions in *Point South Properties* and this case depend.  *See Town*

*of Morganton v. Avery*, 179 N.C. 551, 552, 103 S.E. 138, 139 (1920) (applying the

three-year statute of limitations for liability created by statute to an action to enforce

a lien allegedly arising from a tax assessment on the grounds that, "[w]ithout the

creative force of the statute, the charge upon the land could not be made");

*Shackelford v. Staton*, 117 N.C. 73, 75, 23 S.E. 101, 102 (1895) (applying the three-

year statute of limitations for liability created by statute in a case arising from the

---

[4] In light of this determination, we need not decide whether the monetary payments that the Town exacted from plaintiffs constituted "a tax, fee, or monetary contribution for development or a development permit not specifically authorized by law."  N.C.G.S. § 160A-363(e) (2017).

[5] Given that determination, we overrule the Court of Appeals' decision with respect to the applicability of the three-year statute of limitations set out in N.C.G.S. § 1-52(2) in *Point South Properties*.

failure of a Clerk of Superior Court to properly index a judgment).  As a result, we conclude that the three-year statute of limitations for liabilities set out in N.C.G.S. § 1-52(2)[6] applies in this case.[7]  Moreover, given that plaintiffs' claims against the Town accrued between 20 December 2005 and 30 June 2009 and given that plaintiffs filed their complaint against the Town more than three years after the Town exacted its last impact fee payment from plaintiffs, plaintiffs' claims against the Town[8] are barred by the three-year statute of limitations set out in N.C.G.S. § 1-52(2).[9]

Finally, we reject the Town's contention that plaintiffs' claims are barred by the doctrine of estoppel by the acceptance of benefits.  In our opinion, *Convent of the*

---

[6] In light of our determination that the three-year statute of limitations set out in N.C.G.S. § 1-52(2) applies in this instance, we need not address the issue of the applicability of the three-year statute of limitations set out in N.C.G.S. § 1-52(5).

[7] Although the Town has asserted that a number of shorter limitations periods should be deemed applicable in this instance, we do not find its arguments to that effect persuasive. For example, we are unable to conclude that the one-year statute of limitations set out in N.C.G.S. §§ 160A-364.1 and 1-54(10) has any application to this case because plaintiffs' claims do not rest upon a challenge to the validity of the Town's zoning or unified development ordinances.  Similarly, we are unable to conclude that the two-year statute of limitations set out in N.C.G.S. § 1-53(1) has any application to this case because plaintiffs' claims rest upon a charge for water or sewer service imposed in violation of N.C.G.S. § 160A-314(a) rather than upon breach of an implied contract.

[8] In determining that plaintiffs' claims against the Town are time-barred by the three-year statute of limitations set out in N.C.G.S. § 1-52(2), we note that the trial court, with the consent of the parties, allowed Quality Built Homes to place $4,000.00 in impact fee payments in escrow.  The proper disposition of these monies is addressed at the conclusion of this opinion.

[9] As a result of the fact that the three-year statute of limitations set out in N.C.G.S. § 1-52(2) applies to this case, the Court of Appeals necessarily erred in determining that plaintiffs' claims were subject to the ten-year statute of limitations set out in N.C.G.S. § 1-56.

*Sisters of Saint Joseph v. City of Winston-Salem* has no application to the proper resolution of this case. In *Convent*, the plaintiff's predecessor in interest obtained a special use permit in accordance with the applicable zoning ordinance and received authorization to establish an otherwise prohibited elementary school pursuant to certain agreed-upon conditions set out in the applicable permit. 243 N.C. at 325, 90 S.E.2d at 885. Although we held in *Convent* that, "by accepting the benefits of the provisions of the zoning ordinance" the original purchaser "waived any right he might have had to contest the validity of the ordinance," *id*. at 325, 90 S.E.2d at 885, the fact that the plaintiff's predecessor obtained the right to engage in an otherwise prohibited activity pursuant to the special use permit does not govern the outcome in this case. Here, plaintiffs do not appear to have received any benefit from the payment of the challenged water and sewer impact fees that they would not have otherwise been entitled to receive. As we held in *Virginia-Carolina Peanut Co.*, in an instance in which "[t]he only alternative was to submit to an illegal exaction or discontinue its business," the payment of money "under such pressure[ ] has never been regarded as a voluntary act." 166 N.C. at 74-75, 82 S.E. at 5 (quoting *Robertson v. Frank Brothers Co.*, 132 U.S. 17, 24, 10 S. Ct. 5,7, 33 L. Ed. 236, 239 (1889)). Thus, we affirm the Court of Appeals' conclusion that plaintiffs' claims against the Town are not barred by the doctrine of estoppel by the acceptance of benefits. As a result, for the reasons set forth above, the Court of Appeals' decision is affirmed, in part, and reversed, in part, and this case is remanded to the Court of Appeals for further

remand to the Superior Court, Moore County, for further proceedings not inconsistent with this opinion, including the entry of an order determining the proper disposition of the water and sewer impact fees that Quality Built Homes paid into escrow in accordance with the consent order and addressing any other outstanding issues.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.