IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-688

No. COA21-79

Filed 21 December 2021

Wake County, No. 19 CVS 11428

BILL CLARK HOMES OF RALEIGH, LLC, Plaintiff,

v.

TOWN OF FUQUAY-VARINA, Defendant.

Appeal by plaintiff from order entered 9 October 2020 by Judge Vince Rozier in Wake County Superior Court. Heard in the Court of Appeals 19 October 2021.

*Ward and Smith, P.A., by Christopher S. Edwards, Ryal W. Tayloe, and Jordan M. Spanner, for plaintiff-appellant.*

*Hartzog Law Group LLP, by Dan M. Hartzog, Jr., and Katherine Barber-Jones, for defendant-appellee.*

ZACHARY, Judge.

¶ 1    Plaintiff Bill Clark Homes of Raleigh, LLC, appeals from the trial court's order granting Defendant Town of Fuquay-Varina's motion to dismiss. After careful review, we reverse and remand for further proceedings.

## I.    Background

¶ 2    Plaintiff is a North Carolina limited liability company that develops and builds planned communities in the Raleigh area. On 7 October 2014, Plaintiff entered into a development and infrastructure agreement ("the Agreement") with the Town,

permitting Plaintiff to build a residential subdivision ("Sunset Glen") containing 46 single-family homes. The Agreement principally concerned the Town's extension of municipal water and sewer services to Sunset Glen. To facilitate municipal water and sewer service at Sunset Glen, Plaintiff agreed that it would build water and sewer lines within the development to the Town's specifications in exchange for the Town expanding its water and sewer systems by building a water line to Sunset Glen and building a sewage pumping station on site. Plaintiff also agreed that it would "pay all applicable development fees, including capacity fees, recreation unit fees and other applicable fees as prescribed by the Town's Code of Ordinances and Annual Budget Ordinance and Fee Schedule."

¶ 3        On 4 February 2016, the Town sent Plaintiff an invoice for $241,500, labeled "WATER & SEWER CONNECTION/INSPECTION FEES," which was due prior to approval of the final plat of the subdivision. Of that amount, $195,000 was for "CAPACITY FEES" ("the Fees"): a water-capacity fee of $1,500 per unit and a sewer-capacity fee of $2,750 per unit, which were its usual and standard fees. Plaintiff paid the invoice balance in full by check dated 1 September 2016.

¶ 4        On 16 August 2016, our Supreme Court filed its opinion in *Quality Built Homes Inc. v. Town of Carthage* (*Quality Built Homes I*), 369 N.C. 15, 789 S.E.2d 454 (2016). In *Quality Built Homes I*, the Court "consider[ed] whether the Town of Carthage exceeded its municipal authority under the Public Enterprise Statutes, [N.C. Gen.

Stat.] §§ 160A-311 to -338 (2015), by adopting certain water and sewer 'impact fee' ordinances." 369 N.C. at 16, 789 S.E.2d at 455.[1] The challenged ordinances provided that "the impact fees 'shall be used to cover the costs of expanding the [water and sewer] system[s].' " *Id.* at 16, 789 S.E.2d at 456 (alterations in original). "Upon approval of a subdivision of real property, the ordinances trigger[ed] immediate charges for future water and sewer system expansion, regardless of whether the landowner ever connects to the system or whether Carthage ever expands the system." *Id.* at 16, 789 S.E.2d at 455.

¶ 5    Recognizing that municipalities are "creations of the legislature" and thus "have only those powers delegated to them by the General Assembly[,]" our Supreme Court determined that "[w]hen Carthage adopted the ordinances at issue here, it exercised power that it had not been granted." *Id.* The crux of the issue in *Quality Built Homes I* was Carthage's argument that the imposition of "impact fees" fell "squarely within its 'authority to charge "fees" or "charges" ' under [N.C. Gen. Stat.] § 160A-314." *Id.* at 19, 789 S.E.2d at 458. Our Supreme Court disagreed, concluding that "[w]hile the enabling statutes allow Carthage to charge *for the contemporaneous*

---

[1] "Effective 19 June 2020, the General Assembly consolidated the provisions governing planning and development regulations by local governments into a new Chapter 160D of the General Statutes." *85' & Sunny, LLC v. Currituck Cty.*, 2021-NCCOA-422, ¶ 18 n.3. As the former Chapter 160A was in effect at all times relevant to this appeal, we address that chapter in this opinion.

*use* of its water and sewer systems, the plain language of the Public Enterprise Statutes clearly fails to empower the Town to impose impact fees *for future services*." *Id.* at 19–20, 789 S.E.2d at 458 (emphases added). Further, the Court noted that "[t]he fees are not assessed at the time of actual use, but are payable in full at the time of final subdivision plat approval—a time when water, sewer, or other infrastructure might not have been built and only a recorded plat exists." *Id.* at 21, 789 S.E.2d at 458–59.

On 20 August 2019, Plaintiff filed suit against the Town, seeking a declaratory judgment that the Fees were unlawful and demanding a refund. In its complaint, Plaintiff asserted that the Town charged the Fees pursuant to § 5-1016 ("the Ordinance") of the Town's Code of Ordinances. Plaintiff further alleged:

> 14. Town Ordinance § 5-1016 required Plaintiff to pay said Capacity Fees before the Town would approve the final plat of the subdivision, *i.e.*, before the Town would approve the development of Sunset Glen.
>
> 15. Pursuant to Town Ordinance § 5-1016, the Town used some of the Capacity Fees it collected "to build capital reserve funds for future investment in water and sewer collection, distribution and treatment facilities."
>
> 16. Pursuant to Town Ordinance § 5-1016, the Town used some of the Capacity Fees it collected to fund future expansion of its water and sewer system.

Plaintiff then summarized our Supreme Court's holding in *Quality Built Homes I* before alleging:

21. Pursuant to Town Ordinance § 5-1016, the Town charged Capacity Fees for water and sewer services "to be furnished."

22. Pursuant to Town Ordinance § 5-1016, the Town charged such Fees at the time of final subdivision plat approval.

23. The Capacity Fees collected by the [T]own from Plaintiff on or about September 1, 2016, were unauthorized by legislative act or statute, were *ultra vires*, and are unlawful.

¶ 7 Plaintiff maintained that the Agreement was unenforceable under *Quality Built Homes I* "to the extent [that] it required Plaintiff to pay Capacity Fees in connection with the development of Sunset Glen[.]"

¶ 8 On 4 November 2019, the Town filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that Plaintiff's complaint failed to state a claim upon which relief could be granted. Specifically, the Town asserted that because "any fees paid were paid pursuant to [the parties'] voluntary agreement," the Fees were not *ultra vires* and unlawful:

> The Town has met its obligations under the . . . Agreement, and Plaintiff accepted said benefits of the . . . Agreement, and cannot now challenge the terms of the [A]greement. To the extent Plaintiff contends that the Town did not meet its obligations under the . . . Agreement, [Plaintiff's] exclusive remedy lies in a claim for breach of contract[.]

¶ 9 On 22 September 2020, the Town's motion to dismiss came on for hearing in Wake County Superior Court before the Honorable Vince Rozier. On 9 October 2020,

the trial court entered its order granting the Town's motion and dismissing Plaintiff's complaint with prejudice. Plaintiff timely filed notice of appeal.

## II. Discussion

¶ 10 Plaintiff argues that the trial court erred by granting the Town's motion to dismiss. We agree.

### A. Standard of Review

¶ 11 We review de novo a trial court's order on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Cheryl Lloyd Humphrey Land Inv. Co., LLC v. Resco Products, Inc.*, 377 N.C. 384, 2021-NCSC-56, ¶ 8. "The standard of review of an order granting a Rule 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true." *Suarez v. Am. Ramp Co.*, 266 N.C. App. 604, 610, 831 S.E.2d 885, 890 (citation omitted), *disc. review denied*, 373 N.C. 257, 836 S.E.2d 653 (2019).

¶ 12 In reviewing a trial court's Rule 12(b)(6) dismissal "the issue for the court is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claim." *Howe v. Links Club Condo. Ass'n, Inc.*, 263 N.C. App. 130, 137, 823 S.E.2d 439, 447 (2018) (citation and internal quotation marks omitted).

### B. Capacity Fees

¶ 13        On appeal, Plaintiff argues that the trial court erred in granting the Town's

motion to dismiss because it "incorrectly adopted the Town's argument that the

statute governing development agreements, N.C. Gen. Stat. § 160A-400.20, allowed

the Town to charge capacity fees, as long as it did so by contract." Plaintiff notes that,

pursuant to N.C. Gen. Stat. § 160A-400.20(b) (2019), "a local government may not

exercise any authority or make any commitment not authorized by general or local

act and may not impose any tax or fee not authorized by otherwise applicable law."

Accordingly, Plaintiff reasons that (1) because "[t]he Town's capacity fee ordinance

was unlawful" under *Quality Built Homes I*, (2) "the Town had no authority to assess

fees for future water and sewer services,"[2] and (3) the Town could not contract for

capacity fees; thus, (4) the Agreement's provision for the payment of capacity fees was

unenforceable.

¶ 14        For the purposes of this appeal, we need not determine the merits of Plaintiff's

claim; our task is to ascertain whether the trial court's dismissal of Plaintiff's

complaint pursuant to Rule 12(b)(6) was error. Dismissal pursuant to Rule 12(b)(6)

"is proper (1) when the complaint on its face reveals that no law supports the

plaintiff's claim; (2) when the complaint reveals on its face the absence of facts

---

[2] At oral argument, Plaintiff clarified that it does not argue that the Ordinance is unlawful *in its entirety*, but rather that the portion of the Ordinance that authorizes capacity fees for potential future services or expansion costs is unlawful under *Quality Built Homes I*.

sufficient to make a claim; or (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim." *Broad St. Clinic Found. v. Weeks*, 273 N.C. App. 1, 5, 848 S.E.2d 224, 228 (citation and internal quotation marks omitted), *disc. review denied*, 376 N.C. 550, 851 S.E.2d 614 (2020). Reviewing Plaintiff's complaint on its face and in the light most favorable to Plaintiff, construing the complaint liberally and taking all the allegations therein as true, we cannot conclude that any of these standards have been met.

¶ 15    Assuming, as we must on review of a motion to dismiss, that the Town assessed fees for services "to be furnished," *Quality Built Homes I* supports Plaintiff's claim that the fees were unlawful. The Ordinance plainly provides for the payment prior to plat approval of capacity fees "to build capital reserve funds for future investment in water and sewer collection, distribution and treatment facilities." As the Town conceded at oral argument, a portion of the Ordinance is unlawful under *Quality Built Homes I*. Nevertheless, the Town maintains that although the Fees were standard and not negotiated, the Fees are lawful because they were not assessed pursuant to the Public Enterprise Statutes, but rather as part of the parties' bargained-for exchange, as memorialized in the Agreement. However, liberally construing Plaintiff's complaint, for the purpose of our review, we must accept as true Plaintiff's allegation that the Town assessed the Fees pursuant to the Ordinance. Accordingly, the complaint on its face finds support in *Quality Built Homes I*.

¶ 16          Similarly, we cannot conclude that the complaint, on its face, lacks sufficient facts to state a claim for relief or contains any facts that necessarily defeat Plaintiff's claims. Plaintiff alleged that the Town assessed the Fees for future services pursuant to the Ordinance, and that under *Quality Built Homes I*, such assessment is impermissible. Although the Town contends that the Fees were not assessed for future services, when pressed at oral argument for record evidence supporting that contention, the Town asserted that the Agreement—which Plaintiff attached as an exhibit to its complaint—represents the bargained-for exchange between the parties and does not indicate that the Fees were assessed for future services. Indeed, in its appellate brief, the Town argues that the Agreement "concerns only provision of current infrastructure and services that are very specifically described . . . and does not require Plaintiff to contribute toward 'future discretionary spending.' " The Town further maintains that the Agreement "does not describe any obligations for future maintenance or upgrades, any kind of system-wide expansion, or future discretionary spending."

¶ 17          However, construing the complaint liberally and taking the allegations therein as true, we conclude that the Agreement's terms do not rise to the level of "some fact disclosed in the complaint [that] necessarily defeats . . . [P]laintiff's claim." *Id.* (citation omitted). The Agreement does not indicate whether the Fees were, in fact, assessed for past, current, or future services. Such evidence would presumably be the

subject of discovery on remand.

**C. Statute of Limitations**

¶ 18        On appeal, the Town presents an alternative argument that this action is time-barred by N.C. Gen. Stat. § 160A-393.1, in the event that this Court determines that the Fees were assessed pursuant to the Ordinance, rather than the Agreement. However, this assertion lacks merit, as it is foreclosed by our Supreme Court's decision in *Quality Built Homes Inc. v. Town of Carthage* (*Quality Built Homes II*), 371 N.C. 60, 813 S.E.2d 218 (2018).

¶ 19        While the Town disagrees with Plaintiff's allegation that the Fees were unlawful capacity fees, the Town maintains that even assuming, *arguendo*, that Plaintiff is correct, "Plaintiff's claim is time-barred because it was brought more than one year after the regulation was applied to Plaintiff." The Town asserts that former N.C. Gen. Stat. § 160A-393.1's one-year statute of limitations applies to this case because "the nature of Plaintiff's challenge and relief sought is to a development regulation."

¶ 20        However, in *Quality Built Homes II*, our Supreme Court considered, *inter alia*, whether the plaintiffs' claims against the Town of Carthage—first addressed in *Quality Built Homes I*—were time-barred "by the one-, two-, three-, or ten-year statute[s] of limitations[,]" and if so, which one applied. 371 N.C. at 61, 813 S.E.2d at 220. Our Supreme Court noted that "the essence of [*Quality Built Homes I*] was that

the Town had acted unlawfully by assessing a water and sewer impact fee not authorized" by the Public Enterprise Statutes, and concluded that "the claim recognized in [*Quality Built Homes I*] was, when viewed realistically, one resting upon an alleged statutory violation that resulted in the exaction of an unlawful payment which [the] plaintiffs had an inherent right to recoup." *Id.* at 73, 813 S.E.2d at 228. Accordingly, our Supreme Court concluded that N.C. Gen. Stat. § 1-52(2)'s three-year statute of limitations for liabilities applied in that case. *Id.* at 74, 813 S.E.2d at 228.

¶ 21        Although the Town of Carthage "asserted that a number of shorter limitations periods" should have governed, our Supreme Court disagreed. Of particular relevance here, our Supreme Court reasoned that it was "unable to conclude that the one-year statute[s] of limitations set out in N.C.G.S. §§ 160A-364.1 and 1-54(10)" applied because the plaintiffs' claims did "not rest upon *a challenge to the validity of the Town's zoning or unified development ordinances.*" *Id.* at 74 n.7, 813 S.E.2d at 228 n.7 (emphasis added).

¶ 22        Notwithstanding the Town's arguments on appeal, we are unable to distinguish the nature of the claim in *Quality Built Homes I* from the claims that Plaintiff raises here. As in that case, "the essence" of Plaintiff's claims is "that the Town . . . acted unlawfully by assessing a water and sewer impact fee not authorized" by the Public Enterprise Statutes. *Id.* at 73, 813 S.E.2d at 228. These claims are thus

"resting upon an alleged statutory violation that resulted in the exaction of an unlawful payment which [Plaintiff] ha[s] an inherent right to recoup." *Id*. We conclude that the reasoning of *Quality Built Homes II* applies with equal force to the case before us, and the Town's argument in the alternative is overruled.

### III. Conclusion

After careful review of Plaintiff's complaint, we cannot say that "no law supports . . . [P]laintiff's claim[,]" nor that the complaint "reveals on its face the absence of facts sufficient to make a claim" or that "some fact disclosed in the complaint necessarily defeats . . . [P]laintiff's claim." *Broad St. Clinic Found.*, 273 N.C. App. at 5, 848 S.E.2d at 228 (citation omitted). Viewing Plaintiff's complaint in the light most favorable to Plaintiff, construing the complaint liberally and taking as true the allegations contained therein, the trial court erred in granting the Town's motion to dismiss. Further, the Town's alternative argument that Plaintiff's action is time-barred is specifically foreclosed by *Quality Built Homes II* and provides no additional support for the trial court's order granting the Town's motion to dismiss.

Accordingly, the trial court's order is reversed and this case is remanded for further proceedings. We offer no opinion on the validity of Plaintiff's claim at this stage of the litigation, and we anticipate that the development through discovery of a more fulsome record will provide the trial court with the evidence required to determine whether Plaintiff's claims have merit.

REVERSED AND REMANDED.

Judges INMAN and COLLINS concur.